## COOK, GUARDIAN &c., *vs.* WIMBERLY ET AL.

1. Where letters of guardianship have been granted in this State, the guardian and ward both residing here at the time, the property cannot be removed to another State under the Code (§§ 2031, 2032), upon the application of another guardian appointed there, who alleges in his petition that the ward has been removed to that State.

Cook, guard'n &c., v. Wimberly et al.

Appeal from the Court of Probate of Limestone.

The appellant filed a petition in the Court of Probate of Limestone for the removal of the guardianship of Sarah M. Copeland to Tennessee. The petition alleged, that the father of said Sarah M. died in Limestone County in this State, which was his place of residence, leaving a widow and four children; that letters of administration were granted on his estate, by the Court of Probate of Limestone, to one William Crenshaw, and letters of guardianship on the estate of said Sarah M. were granted by said court to William S. Wimberly; that said widow, who was the mother of said Sarah M., afterwards intermarried with one Joseph Menafee, and has removed, with her said husband, to White County in the State of Tennessee, carrying with her the said Sarah M., who is an infant under the age of five years; that the petitioner was duly appointed guardian of said Sarah M. by the Quarterly Court of said County of White in the State of Tennessee, which was a court of competent jurisdiction, and that he had given bond and qualified as by law prescribed; and that petitioner and said Sarah M. both reside in said county in the State of Tennessee.

The resident guardian of the said ward and the administrator of her father's estate, both of whom were alleged to have in their hands property belonging to her, were made defendants to the petition; and the prayer of the petition was, that the petitioner might have leave to remove the property of his said ward to Tennessee. The defendants demurred to the petition, and their demurrer was sustained; and this judgment of the court is now assigned for error.

Belser & Rice, for appellant.

Robinson & Jones, contra.

Chilton, C. J.—Section 2031 of the Code provides for the removal of the person and estate of a ward to another State by the resident guardian, upon complying with the requirements of said section, as to making full settlement of his accounts in this State, producing the transcript of his appointment in the State to which he desires to remove the

guardianship, and proof of his having given good security, &c. The succeeding section (2032) applies to cases where the guardian and ward are both non-residents of this State; that is, where the jurisdiction of the court over the ward first attaches in another State by the residence of the ward in that jurisdiction.

It is very clear, that it was not the object of the Legislature to put it in the power of any one who might choose to take the ward without the jurisdiction of the Probate Courts of this State, thereby to oust such courts of their jurisdiction, and to compel a removal of the guardianship to another State. On the contrary, when the ward resides in this State, and a guardian has been duly appointed here, the removal of the ward to another State, while the guardian and the estate remain here, does not constitute such non-residence as is contemplated by section 2032. It may well admit of doubt, whether the ward, without the consent of the guardian, can acquire a domicil in another State. Be this, however, as it may, it would be a clear violation of the rights of the resident guardian, to suffer him to be removed and to be divested of the estate which the law has committed to his management, merely because the party seeking to oust him may have succeeded in removing the ward to another State, and in taking out letters of guardianship there.

Upon an examination of the facts contained in the petition for a removal of this guardianship to Tennessee, it is manifest that the petitioner fails to show such a case as falls within the meaning of either of the above mentioned sections of the Code; and, as the legal sufficiency of these facts was submitted by the demurrer to the petition, we are of opinion the court very properly sustained the demurrer.

Let the judgment be affirmed.