# SAMPLEY *vs.* WATSON ET AL.

[BILL IN EQUITY TO ENFORCE VENDOR'S LIEN.]

1. *Statutory separate estate of wife; corpus of, how can not be bound.*—The husband can not bind the wife by a submission to arbitration of questions, which relate to the *corpus* of her statutory separate estate. Such submission, to bind her, must be in her own name, and be made by her.

2. *Same; when note, although payable to husband, constitutes part of.*—A promissory note for the purchase-money of lands belonging to the separate statutory estate of a married woman, which have been sold by the husband and wife, is a part of the wife's separate estate, though such note be made payable to the husband ; and the wife, by her next friend, may file her bill in chancery, to enforce the vendor's lien against such lands, if such note is not paid at maturity.

APPEAL from the Chancery Court of Lowndes.
Heard before the Hon. N. W. COCKE.

The facts are stated in the opinion.

WATTS & TROY, for appellant.
CLEMENTS & WILLIAMSON, *contra.*

[No briefs came into the reporter's hands.]

PETERS, J.—This is a suit in chancery, in which Mrs. Belinda Sampley, the wife of David J. Sampley, by her next friend, complains, that she and her said husband sold to Perry Watson, on the 25th day of December, 1863, a certain tract of land, lying in the county of Lowndes, in this State, for the sum of seven thousand dollars. Said land was the statutory separate property of Mrs. Sampley. Four thousand dollars of the purchase-money was paid, at the date of the sale, in negro slaves ; and three thousand dollars, being the residue of the purchase-money for said land, was secured by the promissory note of said Watson, payable to said David J. Sampley, or bearer, on the first day of January, 1864. Under this sale, Watson took pos-

Sampley v. Watson et al.

session of the land; and at various times paid the husband of Mrs. Sampley, on said note, the sum of $1054. It is also alleged, that the remaining portion of said note is wholly unpaid, and is the separate statutory property of Mrs. Sampley.; and that a controversy has arisen between her and Watson about its payment. This controversy, the husband of Mrs. Sampley and Watson submitted to the arbitration and award of certain persons, named in said submission. The arbitrators made an award, which was sanctioned by Watson, and by Sampley, the husband, but not by Mrs. Sampley, the complainant. This award the complainant asks to have set aside, and to have her equitable lien against said lands enforced for the purchase-money of said land, remaining unpaid. The bill was filed on the 29th day of March, 1866, by Mrs. Sampley, in the chancery court of said county of Lowndes. Said Perry Watson, David J. Sampley, the husband of Mrs. Sampley, and another, are made defendants to said bill.

The defendant Watson. answered the bill, and, among other things, set up in his defense said submission and award, made by the husband.

The learned chancellor was of opinion, that the husband had authority to bind the wife by a submission to arbitration, and dismissed the bill because of such arbitration and award. This seems to have been the only question considered in the court below.

In this construction of the husband's powers, we think, the chancellor erred; because the husband has no power to bind the wife by a submission and award, in such a controversy, touching the *corpus* of her statutory separate estate.

Here the note of Watson, being given for the price of a portion of Mrs. Sampley's land, was a part of the *corpus* of her separate estate. This is so settled by this court.—*Sessions' Adm'r v. Sessions*, 33 Ala. 522, 525.

The powers conferred by the statute on the husband, over the separate estate of the wife, are special and limited, and not general. And though the property of the wife is vested in the husband, as her trustee, his authority over it extends only to " the right to manage and control" it, so

far as the *corpus* is involved. This is merely a business power, and not a general power. The legislature, by using words which limit and define the powers conferred, indicates that this power is special, and not general. *Expressio unius est exclusio alterius.* By confining the husband's powers to certain purposes, the legislature designed that he should not go beyond these purposes. This is the rule of construction in like cases of special powers, heretofore adopted by this court.—*Huber v. Zimmerman*, 24 Ala. 488 ; *Scarborough v. Reynolds*, 12 Ala. 252 ; Broom's Max. 278, 279, mar.; Shep. Dig., p. 697 ; Maxims, § 4. But this power to " manage and control" is just the power which each partner has over the business of the firm ; yet one partner can not bind the others, by a submission to arbitration.— 3 Kent, 49, marg., and cases cited. This principle is applicable to this case, in a much stricter sense than properly belongs to partnerships.

Moreover, arbitration is a mode of adjudication in a court created by the parties themselves, into which they may go, *by consent*, for the adjustment of controversies pending between them. And it is the duty of the courts to encourage such adjustments.—Revised Code, §§ 3148, 3161. It is a mode of suit. And if the husband were the general trustee of the wife's estate, with general powers over it, he could, possibly, consent for her to submit controversies touching her estate to arbitration, and bind her by the award.—3 Bouv. Inst., p. 48. It was upon this principle that the chancellor based his decree in the court below. But the husband is not the general trustee of the wife's estate. He is only the special trustee, with powers limited and defined, by statute, to very narrow bounds. He is authorized to " manage and control" the body of her estate, so far as its business relations are concerned. And he must confine his action to the limits of his powers, else he acts without authority, and his acts do not bind her.—32 Ala. 723. The husband can not bring suit for the wife, nor in her name. She sues for herself, and in her own name, without his concurrence or consent.—Rev. Code, § 2525, note 3. A submission to arbitration is the commencement of a suit in a court of arbitration, and, by analogy, it should be com-

menced by a wife herself, and in her own name, as in a court of law. From a certain weakness of human nature, it has been found extremely difficult to respect the rights of others as we do our own. So much so, indeed, that the husband is not always mindful of the rights, even, of the wife. Her most serious controversies are, unhappily, not unfrequently with him, on account of his waste and mismanagement of her estate. If he is allowed to bind her, by his submissions to arbitration, he can also select a portion, at least, of the arbitrators, and turn over to them controversies in which he is interested in having the award take a certain direction, which is very adverse to her wishes. If the husband's power is construed to be general, and not special, it will include all that an agent or trustee can do. This would open the door to an utter waste of the wife's estate. It is this evil that the statute is framed to prevent. In courts of law, this power to sue for the wife is taken away from the husband altogether.—Revised Code, § 2525. A court of arbitration is a court of law, and the principle applicable to courts of law is justly applicable to it; for like reasons makes like laws. We, therefore, hold, that the husband cannot bind the wife by his submission, when the suit relates to her separate estate. The chancellor, therefore, erred in his decree dismissing the bill. The arbitration must be set aside and disregarded, and the cause will progress as if it had never existed.

The decree of the chancellor in the court below is reversed, and the cause is remanded for further proceedings in the court below, in accordance with the principles of this opinion. And the said Perry Watson will pay the costs of appeal in this court and in the court below.