50 260
97 421

# Clanton v. Barnes.

*Action on Promissory Note, by Transferee against Maker.*

1. *Transfer of promissory note; governed by what law.* — If a married woman, residing with her husband in Alabama, acquires a promissory note as a part of her statutory separate estate, and she and her husband afterwards remove to Mississippi, the validity of a transfer of the note, subsequently made in Mississippi, whether by delivery or in writing, is governed by the laws of that State.

[Clanton *v.* Barnes.]

2. *Proof of foreign statutes.* — The Revised Code of Mississippi, purporting on its face to have been published by the authority of the legislature in 1857, is competent evidence (Rev. Code, § 2693) to prove the statutes therein incorporated.

APPEAL from the Circuit Court of Greene.
Tried before the Hon. L. R. SMITH.

CRAWFORD & MOBLEY, for appellant.

J. B. & T. C. CLARK, *contra.*

PETERS, C. J. — This is a suit at law, by the holder of a promissory note, against the maker. On the trial below, the defendant, by his plea, denied the ownership of the plaintiff in the note on which the suit is founded. This plea was properly verified by affidavit, as required by the rules of practice in the circuit court. Rev. Code, p. 822, Rule 29; Ib. § 2640. It appeared in the progress of the trial below, that Mrs. Martha E. Barnes, a married woman, had become the owner of the note in suit in this State. This occurred in the year 1860. Mrs. Barnes and her husband subsequently moved from this State to the State of Mississippi, and became resident citizens and inhabitants of that State. The note belonged to Mrs. Barnes as her separate estate, acquired under the laws of the State of Alabama, in 1860. After the settlement of Mrs. Barnes and her husband in the State of Mississippi, as above said, her husband, William Barnes, transferred the note in question by delivery, without any written conveyance, but with the full knowledge and assent of Mrs. Barnes, to the present plaintiff. It appears that this transfer was made upon consideration that the plaintiff released a debt of said Wm. Barnes to him, of similar amount to that specified in the note as remaining unpaid. The proof is silent as to whether Mrs. Barnes received any portion of the goods and merchandise, on account of which her husband's debt was created, or not. On this evidence, the defendant below, under his plea above said, offered in evidence portions of the " Revised Code of Mississippi, a book purporting on its face to be printed by authority of the Legislature of the State of Mississippi in the year 1857, to show as a fact, what was the law of Mississippi, and what the laws of Mississippi required in transfers and sales of the separate property of the wife; and that M. E. Barnes, and not Erwin Barnes, was the owner of the note sued on in this action." The portions of the Revised Code of Mississippi thus sought to be proven before the court are set out in the bill of exceptions. To the introduction of this evidence the plaintiff in the court below, " by his counsel, objected; and the court sustained said objection, and would not allow said Revised Code, or any part

thereof, to be introduced, for this, or any other purpose." To this the defendant excepted, and made his exception a part of the record by proper bill of exception. This was all the evidence offered to the jury on the trial. There was a verdict and judgment for the plaintiff against the defendant for the balance due on the note, and for costs. From this judgment the defendant appeals to this court, and here relies on the rejection of the proof of the law of Mississippi, regulating the separate estate of the wife, as above shown, as error.

The only question, presented on this record, is that raised by the first assignment of error, in this case; which is this: " 1. The court erred in excluding the evidence offered by appellant to show what was the law of Mississippi." This, of course, means the law of Mississippi at the time the transfer of the note in suit was made to the plaintiff in that State by the husband of Mrs. Barnes, regulating the separate estate of the wife. The transfer of a promissory note is a contract. 1 Parsons Cont. pp. 223, 224. The law of the place where the contract is entered into controls its stipulations and the power of the parties to make it. 1 Wall. 175, opinion of SWAYNE, J. Then, the law of the State of Mississippi governed and controlled the effect of the transfer of the note in question made in that State. If the transfer was illegal and forbidden by law there, it can have no greater validity elsewhere, than it would have in that State. 2 Parsons Contr. p. 570, note *e.* The proof shows that the note belonged to Mrs. Barnes, as a part of her separate estate, acquired under the laws of this State. This was her title. This title forbade the husband to transfer her property in payment of his debts, whether with or without her consent. Rev. Code, §§ 2371, 2373; *Warfield* v. *Ravesies,* 38 Ala. 518; *Sampley* v. *Watson,* 43 Ala. 377. But this would only be the case so long as her property remained in this State. Upon being taken to another state, her property would have to be held and disposed of under the laws of that state. Story's Confl. § 376, and cases there cited. This would render evidence of what the laws of Mississippi were when the transfer was made competent in such a case as this.

2. The mode in which the defendant sought to make this proof to the court was in conformity with our statute. The law laid down in the Code is the rule that must govern in such a case. It is this: "Transcripts of acts of Congress, or of the statutes of any state or territory of the United States, certified by the secretary of state of this State as being deposited in his office; and public or private statutes, or the proceedings of any legislative body, purporting on the face of the book to be printed by authority of the government, state, or territory, are evidence without further proof." Rev. Code,

[Riddle v. Cameron.]

§ 2693. This is a remedial statute, and we feel constrained to make it apply to the Revised Code of Mississippi, as a part of the statutory law of that State. It therefore follows that the evidence was competent, and the mode of proof was lawful. It should have been admitted. The court erred in its rejection.

For the error above indicated, the judgment of the court below is reversed, and the cause is remanded for a new trial.