$\mathcal{G}_{C}$ ~ 2 5 0

W. E. HEWIT ET AL. V. BANK OF INDIAN TERRITORY.*

FILED APRIL 17, 1902.   No. 11,582.

Commissioner's opinion, Department No. 1.

1. Petition: VAGUE TERMS: LAW OF OKLAHOMA: TWELVE PER CENT.
INTEREST: DATE OF NOTE.   Where petition, in vague terms and
by reference to note, alleges that twelve per cent. per annum
is a lawful rate of interest by statutes of Oklahoma and note
sued on bears date in Oklahoma and interest at twelve per cent.
per annum, and such allegation is denied, *held* not error to
refuse opening and closing to defendants, who plead usury but
admit execution and delivery of note.

2. General Denial: EVIDENCE.   Such allegation is sufficient, on a
general denial, to admit evidence of Oklahoma statute.

3. Pre-existing Debt: OKLAHOMA CONTRACT: PROOF.   Proof that the
note in question was given for a pre-existing debt contracted
and due in Oklahoma, is relevant as tending to establish an
Oklahoma contract.

4. Evidence.   Evidence *held* to support a verdict for plaintiff.

5. ———: INSTRUCTION.   Evidence *held* to support instruction that
twelve per cent. per annum is a lawful rate of interest in Okla-
homa.

6. Conditions of Payment: EVIDENCE: INSTRUCTION.   Where there is
no evidence of any compliance with conditions of a payment
made by a third party, not error to instruct jury that defend-
ants, to entitle themselves to credit for such payment, must
show it was unconditional.

7. Refusal of Instruction.   Not error to refuse an instruction that
if note was sent from Nebraska it must be governed in its pro-
visions and effect by Nebraska laws.

ERROR from the district court for Butler county.   Tried
below before BATES, J.   *Affirmed.*

*Hastings & Hall*, for plaintiffs in error.

*C. H. Aldrich*, contra.

HASTINGS, C.

Forty-nine assignments of error are made in this case,
but only those urged in the brief of plaintiffs in error,

*Rehearing allowed.   See opinion on page 468.

who were defendants below, and will be hereafter referred to as defendants, need be considered. Those are, first, that they were improperly denied the right to open and close at the trial; second, the admission in evidence of certain acts of Oklahoma relating to the rate of interest established by law in that territory; third, the permitting of certain questions on cross-examination as to the consideration of the note sued on; fourth, that the verdict is not supported by sufficient evidence,—(a) that there was no competent evidence that the Oklahoma statute allows twelve per cent. interest, (b) that the evidence showed that defendants were entitled to a credit of $110.67 and it was not allowed them; fifth, that the evidence did not warrant an instruction that the Oklahoma rate of interest is, or may be by special contract, twelve per cent. per annum; sixth, that it was error to instruct the jury that to entitle the defendants to a credit for the $110.67 claimed, it must have been unconditionally deposited with the plaintiff bank; seventh, that the trial court erred in refusing to instruct that Oklahoma laws as to interest were to be presumed to be the same as Nebraska's in the absence of proof; eighth, that the trial court erred in refusing an instruction that the contract should be governed by the laws of the place from which the acceptance of it was dispatched; and ninth, that the trial court erred in refusing an instruction that the statute pleaded in the reply had no application to this note.

Plaintiff's petition was upon a promissory note for $300, dated at Guthrie, Oklahoma, June 15, 1895, payable August 23, 1895, on which interest had been indorsed as paid up to February 9, 1898. The rate of interest provided on the face of the note was twelve per cent. per annum, and a copy of the note was in the petition. Following this was the following paragraph:

"That said note was executed and delivered at Guthrie, Oklahoma Territory, in accordance with and under and by virtue of the territorial laws of Oklahoma; that said money was contracted for and had and received and paid over to

the defendants by the plaintiff in accordance with the statutes of the said territory, made and provided for in such cases, and that said law provides that under and by virtue of special contract that the rate of interest mentioned and described in said note was the legal rate of interest in said territory at the date of said contract."

The answer admitted plaintiff's incorporation, the making and delivery of the note and the payment of $3 on its principal, denied paragraph three above, alleged usurious agreement for twelve per cent. per annum interest, the payment of $88.50 as interest and $110.67 on the note March 10, 1898.

The first error, in refusing to defendants the opening and closing, is claimed because, as defendants assert, paragraph three above pleads no fact but only legal conclusions. This seems to be a mistake. The note is set out and shows on its face a rate of twelve per cent. per annum interest. Paragraph three alleges that the note was an Oklahoma contract and that the laws of that territory at that date made it a legal rate by special contract. Possibly defendants might have been entitled to a direct statement of what the law in terms provided rather than this indirect statement through a reference to the note that the law provided for twelve per cent. per annum by special contract. No motion for a more specific statement, however, was made. A general denial was filed, and after judgment this form of statement will be sufficient. As the petition showed a note bearing twelve per cent interest on its face and payments of more than $90, there could be no recovery for so much of the principal, nor for any interest nor costs, if no proof was adduced. The denial of this paragraph therefore rendered proof necessary to establish plaintiff's cause of action on this note. Without this there could be a recovery only on another ground, the loan admitted in the answer. The action of the trial court, therefore, in refusing to defendant the opening and closing seems not to have been erroneous.

The second error seems to be disposed of substantially
34

in the first. The allegations of paragraph three of the petition, challenged only by a general denial, were sufficient to warrant the introduction of evidence as to the interest laws of Oklahoma. The complaint that it does not appear that the copy of the laws of Oklahoma, which was introduced, purported to be published by the authority of the territory, is not well founded. The offer recites that it purported to be so published and the objection is not on that ground. It is on the ground that the authentication was insufficient and that the petition was an insufficient pleading of such facts. There was no question raised that the book did not purport to be published by authority and the objection was rightly overruled.

The third complaint, that cross-examination as to the consideration of the note was permitted and was wholly irrelevant, as not being in dispute, does not seem to be any better taken. It is hard to see how this was prejudicial or could have been. In any event the court could not tell beforehand how important the answers might be to a correct conclusion as to whether or not this was an Oklahoma contract rather than a Nebraska one. No motion to strike out the testimony as to the consideration was made and the fact that the note, though given after defendant's removal to Nebraska, was to get money to take up an indebtedness existing in Oklahoma, does not seem entirely irrelevant to the question as to the location of the contract.

The objection that the verdict is contrary to the evidence as to usury does not seem well taken. U. C. Guss, plaintiff's president, testified that the permitted rate of interest in Oklahoma territory was at that time twelve per cent. per annum. The statute introduced and appearing on page 76 of the bill of exceptions provides that when a rate of interest is specified in a contract it shall continue until payment but shall in no case exceed twelve per cent. per annum. It is true that this statute is headed "Interest on Judgments," but the effect of the whole is certainly to show a different law from that of Nebraska. The same

act seems to repeal the general interest law of the territory. If defendants wanted protection from an Oklahoma usury law as against this note they should have produced the law after this showing by plaintiff.

The complaint as to the non-allowance in the verdict of the alleged payment of $110.67 seems, at most, only a case of an adverse finding on conflicting evidence. Plaintiff's president says that this $110.67 was deposited in the bank by F. W. Hewit as a final payment on some partnership transactions with defendant, W. E. Hewit, and was to be held until a receipt in full should be received from W. E. Hewit to F. W. Hewit on account of the transactions; that subsequently F. E. Hewit demanded the money and as the receipt had not been received from defendant it was turned back. After this and after W. E. Hewit had been notified of it, he says the latter sent the receipt, but it was then too late to hold the money. W. E. Hewit disputes one of these statements, but the jury were warranted in finding them substantially true and that there was no obligation to hold this money or right of the bank to apply it on defendant's note.

The fifth claim that the evidence did not warrant the court's instruction that the laws of Oklahoma allowed twelve per cent. per annum and that no usury was to be found in this note if they found it was an Oklahoma contract, need not be further discussed. The evidence of plaintiff on this point has been considered competent and sufficient and none was tendered by defendants.

The sixth complaint that the trial court erred in telling the jury, as in substance was done in the 9th instruction, that the defendants must, to entitle them to the $110.67 credit, show an unconditional deposit of the money by F. W. Hewit for that purpose, is not well founded. Defendants might claim that the president's letter of February 25, 1898, was proof of an unconditional deposit. They could not claim that the evidence tended to prove any compliance with the alleged conditions before the money was withdrawn. It was therefore no error to give an instruc-

tion withdrawing from the jury this question as to compliance with, the conditions. The receipt was not sent until October, 1898, and the money had then long been withdrawn. There is no contradiction of the testimony that it was procured back within sixty days on defendants refusing to accept conditions.

The seventh complaint has been disposed of in considering the fifth one.

The eighth complaint, as to a refusal to instruct that if the note was sent from Nebraska the laws of Nebraska would govern seems to call for no discussion. The trial court's instruction that the law which was contemplated by the parties at the time as governing the contract was to control, was at least as favorable as defendants were entitled to. *Teal v. Walker,* 111 U. S., 242; *Cromwell v. Sac County,* 96 U. S., 51.

The objection that the court refused an instruction that the statute pleaded in the reply, which has been heretofore discussed, had no application to this note, and that the jury should find the rate of twelve per cent. per annum usurious, needs no further consideration.

The questions really raised in this case are as to the competency of the pleading and proofs of the Oklahoma statute, as to what law governs this contract and as to the fact of payment of the $110.67. The first seems to have been correctly determined by the court and the two latter by the jury.

It is recommended that the judgment be affirmed.

DAY and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated above, the judgment of the district court is

AFFIRMED.

December 3, 1902, the following opinion on rehearing was filed:

1. **Foreign Law: Proof.** A book purporting to contain the written laws of a foreign jurisdiction, proves itself, and is admissible as evidence without other authentication.

2. ———: ———: DECLARATION OF COUNSEL. But the authenticity of a volume which it is claimed contains the statutes of a foreign state or territory, can not be established by the mere declaration of counsel as to what the volume is.

3. ———: ———: APPROPRIATE EVIDENCE. The appropriate evidence of the written laws of a foreign state or territory, is that prescribed by section 905, Revised Statutes U. S., and by sections 419 and 420 of the Code of Civil Procedure.

SULLIVAN, C. J.

This was an action by the Bank of Indian Territory against W. E. and Christie Hewit upon a promissory note. The jury found in favor of plaintiff for the full amount of its claim, and judgment followed the verdict. An opinion affirming this judgment was handed down last term and will be found in 64 Nebr., 463.

The motion for a rehearing suggested a doubt as to the correctness of our decision upon one point. As shown by the former opinion the statute law of Oklahoma territory on the subject of interest was a material averment of the petition and was one of the issues which plaintiff was required to establish by proof. The proof offered, consisting of extracts from books said to contain the written laws of the territory, was held to be admissible, and was, over defendants' objections, read to the jury. To show precisely what transpired we here copy from the bill of exceptions:

"The plaintiff now offers to read in evidence that portion of Exhibit 'B,' Exhibit 'B' being the session laws of Oklahoma territory for the year 1895, and incorporating the laws passed at the third regular session of the legislative session of the territory of Oklahoma, and authenticated by the duly elected, acting and qualified secretary of said territory, which is found at page 93 thereof, the same being chapter 14 on said page of said Exhibit 'B.' The defendants object to the offer as incompetent, immaterial and irrelevant and not sufficient foundation laid for its introduction in evidence, it not having been shown that said law sought to be introduced in evidence was passed by the legislature of the territory of Oklahoma or that it

is a law passed by the territory of Oklahoma, or that Exhibit 'B' which contains the law sought to be introduced in evidence is authenticated as required by the laws of said territory or by the laws of the state of Nebraska. * * * Objection overruled. Defendants except. The plaintiff further offers in evidence section 2 of said Exhibit 'B' the same being found at page 93 of said exhibit and being the continuing and final section of. said chapter 14 of said exhibit as found at page 93. The defendants object to said introduction as incompetent, irrelevant and immaterial and * * * for the further reason. that said statute has not been authenticated as required by law and no sufficient foundation laid for its introduction. in evidence. Objection overruled. Defendants except. Plaintiff read in evidence sections 1 and 2 of article 1 of chapter 14, at page 93 of the session laws of the territory of Oklahoma, same being Exhibit 'B' or a part thereof, a copy of which is hereto attached at page 76. * * * The plaintiff now offers in evidence that portion of Exhibit 'B' which is found at page 94 and so much of said page as is included in chapter 14 entitled 'Article 2, Legal Rate of Interest.' The defendants object to the offer for the reason that it is incompetent, immaterial, irrelevant, * * and no foundation laid for the introduction. in evidence, the section referred to not having been authenticated as required by the laws of Oklahoma. * * * Objection overruled. Defendants except. Article 2, Legal Rate of Interest, chapter 14, same being a portion of Exhibit 'B' and found at page 94 of said exhibit read in evidence by the attorney for the plaintiff and a copy of same is hereto attached at page 77. The plaintiff now offers in.evidence that portion of Exhibit 'T' said Exhibit 'T' being the compiled statutes of the territory of Oklahoma for the year 1893 being duly and legally authenticated as appears in said exhibit by the secretary of said territory at that time, that portion of said Exhibit 'T' found at page 223 in article 6, entitled 'Loan of Money', including section 7 of chapter 16, also in said chapter and

article sections 8, 9, and 11.  The defendants object to the offer of the plaintiff for the reason that the law sought to be introduced in evidence has not been properly authenticated   *   *   *   and for the further reason that it is incompetent, immaterial and irrelevant and no sufficient foundation laid for its introduction in evidence.  Objection overruled.  Defendants except.  Sections 7, 8, 9, and 11 of article 6 entitled 'Loan of Money,' chapter 16, of Exhibit 'T' same being the compiled statutes of the territory of Oklahoma are read in evidence by the attorney for the plaintiff and a copy of same is hereto attached at page 94."

The matters embraced within the last two offers seem to have no material bearing upon the case and there was, perhaps, no prejudice resulting from their admission.  But the evidence received under the first offer was material and the action of the court in permitting it to go to the jury was, we think, reversible error.  The grounds of defendants' objection were clearly stated, and they were, according to the adjudged cases, sufficient to exclude the alleged copy of the Oklahoma law fixing the contract rate of interest at 12 per cent.  Where a statute of a sister state, or of one of the territories, is to be proved the proof must conform to the act of congress (U. S. Revised Statutes, sec. 905) or else to the provisions of our own statute.

It is not claimed that either Exhibit B or Exhibit T was authenticated in the manner prescribed by the federal statute, but it is insisted that both exhibits purported to have been published under the authority of the territory of Oklahoma, and were therefore admissible as evidence under section 419 of the Code of Civil Procedure.  The bill of exceptions contains all the evidence given at the trial, but in it we find no proof that the books described as the "Session Laws of Oklahoma Territory" and the "Compiled Statutes of Oklahoma Territory" purported to have been published under the authority of the government of that territory.  The title pages were not put in evidence, and there is in the record nothing, except the

statement of counsel, to suggest the idea that the volumes were printed by public authority. A book purporting to contain the written laws of a foreign jurisdiction proves itself, and is admissible as evidence without other authentication (*Young v. Bank of Alexandria,* 4 Cranch [U. S.], *384; *State v. Abbey,* 29 Vt., 60; *Eagan v. Connelly,* 107 Ill., 458; *Clanton v. Barnes,* 50 Ala., 260; *Goodwin v. Provident Savings Life Assurance Society,* 66 N. W. Rep. [Ia.], 157), but its authenticity can not be established by the mere statement of counsel as to what it is. The recent case of *Union P. R. Co. v. Buzicka,* 65 Nebr., —, is conclusive upon this point.

There being in the record no legal evidence of the law of Oklahoma on the subject of interest the judgment heretofore rendered in this court is set aside, and the judgment of the district court reversed.

REVERSED AND REMANDED.