GIL GRADY, APPELLEE, v. DONALD E. DENBECK, APPELLANT.

251 N. W. 2d 864

Filed March 16, 1977. No. 40811.

Forrest F. Peetz of Magnuson, Magnuson & Peetz, for appellant.

Edward E. Hannon of Cronin & Hannon, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

WHITE, C. J.

This is an action to recover the balance due on a promissory note. The note was executed at Guy-

mon, Oklahoma, on March 1, 1970, in the sum of $15,000, and made payable to Ray W. and Eunice M. Vining of Guymon, Oklahoma. The note was payable at the office of the City National Bank, Guymon, Oklahoma. The note was endorsed by the Vinings to Ronald D. and Susan A. Hutchinson, who in turn endorsed the note to the plaintiff. The note was payable in three installments of $5,000. The defendant paid the plaintiff $5,000 on the note on March 6, 1971. No further payment on the note was received by the plaintiff.

Trial was held on March 8, 1976. The jury returned a verdict in favor of the plaintiff and against the defendant in the amount of $10,000, the unpaid balance of the note. The plaintiff then filed a motion for determination of interest and assessment of costs. The plaintiff's motion was sustained by the court over the defendant's objections. The court determined that the principal and interest computed as of March 1, 1976, was $18,037.71, plus interest at 10 percent per annum from March 1, 1976. The defendant's motions for a new trial were overruled, and he now appeals. We affirm the judgment of the District Court.

On appeal, the defendant first argues, citing provisions of the Nebraska statutes which provide that any rate of interest not exceeding 9 percent per year shall be valid in this state (see former sections 45-101 and 45-105, R. R. S. 1943 [Reissue 1974]), that any rate of interest exceeding 9 percent per annum, even though lawful in the state where the loan was executed is invalid and is not enforceable in this state. Such rate of interest, he contends, would be usurious and violate the settled public policy of this state, and enforcement of such a rate of interest would work an injury to a citizen of this state.

The note in question here provided for interest at a rate of 8 percent until paid, and further provided that in default of payment of interest, interest was to

become as principal annually and draw 10 percent per annum interest.

The defendant's contention is disposed of by our decision in Kinney Loan & Finance Co. v. Sumner, 159 Neb. 57, 65 N. W. 2d 240 (1954). In that opinion we held: "* * * in the absence of any statute requiring the application of a contrary rule: 'Usury laws are not so distinctive a part of the public policy of the forum that the courts will, on the ground of public policy, decline to enforce any contract which would be invalid, if tested by them, though valid according to its proper law.' 11 Am. Jur., Conflict of Laws, § 156, p. 458. As stated in § 158, p. 464: 'Contracts which are valid where made do not offend the public policy of a forum, although they provide for a rate of interest which would be usurious with penalizing consequences, even to the extent of forfeiture of principal and interest as to such contract, if made in the law of the forum.' See, also, 66 C. J., Usury, § 33, p. 158; and International Harvester Co. v. McAdam, 142 Wis. 114, 124 N. W. 1042, 26 L.R.A.N.S. 774, a case frequently cited. * * *

"This court has in effect recognized the foregoing rules as applied to the general usury laws, and has enforced bona fide contracts which were valid under the laws of the state where made and to be performed. Coad v. Home Cattle Co., 32 Neb. 761, 49 N. W. 757, 29 Am. S. R. 465; Hewit v. Bank of Indian Territory, 64 Neb. 463, 90 N. W. 250, * * *."

Additionally, section 45-158, R. R. S. 1943, provides, with an exception which is not relevant to this appeal, that loans made outside this state, if legally made in any state under and in accordance with a regulatory small loan law similar in principle to the Nebraska statutes, are valid and enforceable in this state.

The note in question was executed in Oklahoma. The defendant does not argue that the interest provisions of the note are invalid or usurious under the

laws of the state. The plaintiff pleaded the Constitution and the laws of the State of Oklahoma as to the interest provisions, and under these provisions the note involved herein is neither usurious nor invalid. See 15 Okla. Stat. Ann., Ch., 6, §§ 263 to 266 (1966). That being the case, as shown above, the interest provisions of the note are valid and enforceable in this state.

The defendant next argues that even if we find the Oklahoma interest rate is applicable to this note, it should only be applied to actual principal, and the provision in the note which states that in default of payment of interest, interest shall become as principal and draw 10 percent interest per annum should not be enforced. Again we must look to the law of Oklahoma where the note was executed. The defendant does not argue that this provision is invalid under the law of Oklahoma, nor do we find it to be so. See, e.g., Covington v. Fisher, 22 Okla. 207, 97 P. 615 (1908). There is no merit to this contention.

The judgment of the District Court is correct and is affirmed.

AFFIRMED.