A. M. BISHOP, APPELLANT, V. DEPARTMENT OF ROADS
OF THE STATE OF NEBRASKA, APPELLEE.

290 N. W. 2d 193

Filed March 18, 1980.   No. 42689.

Clyde F. Starrett, for appellant.

Paul L. Douglas, Attorney General, and Robert G. Avey, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, MCCOWN, CLINTON, BRODKEY, and WHITE, JJ.

CLINTON, J.

This is an action by the appellant, A. M. Bishop, against the Department of Roads of the State of Nebraska, seeking a declaratory judgment that excess land was taken in an eminent domain proceeding. The answer of the State pled the action was barred by the statute of limitations. It also alleged that the action was barred under the doctrine of res judicata by reason of the prior award, appeal therefrom to the District Court, judgment entered, and judgment satisfied. The District Court granted the State's motion for summary judgment, based upon the expiration of the statute of limitations. Appellant now contends that the taking of the land was arbitrary and

capricious, and that the statute of limitations involved in this case is unconstitutional. We affirm.

The essential facts are not in dispute. Appellant owned several tracts of land in Hayes County, Nebraska, which were used primarily as pastureland. The Department of Roads needed some of this land in order to construct a highway between Wauneta and Palisade. In February 1973, the State filed a petition in the county court, alleging that it was necessary to acquire this land and asking that appraisers be appointed.

Appellant was awarded $600 for tract 20 and $13,791 for tract 22. He appealed from the awards of the appraisers to the District Court. The awards were reduced to $12,650 by judgment rendered on May 25, 1974. The only issue raised by appellant in the District Court was the adequacy of the award. He did not then claim the State had condemned more land than was necessary, even though he knew the route of the proposed highway and the land it would occupy. He accepted the payment for his land. The highway was completed by December 5, 1974.

We need not reach the issue of the statute of limitations, because we hold that this action to reclaim previously condemned land is barred as a matter of res judicata.

It has always been a rule in this state that one who challenges the scope or necessity of a condemnation taking must do so on appeal to the District Court. If the landowner fails to raise this issue, he cannot raise the question of necessity afterward. In Duffey v. School Dist. No. One, 200 Neb. 702, 265 N. W. 2d 212 (1978), this court dealt with the claim of a landowner who had been paid and accepted an award for his condemned land. He then brought an action almost 2 years later, seeking a declaratory judgment that the proceeding was defective due to a deficiency in the notice provisions. We held that an owner

whose land has been taken by virtue of eminent domain proceedings, who has been paid and accepted the award, cannot thereafter contest the validity of the taking by a collateral action.

In Scheer v. Kansas-Nebraska Natural Gas Co., 158 Neb. 668, 64 N. W. 2d 333 (1954), the plaintiff had already received a final award for an easement taken by the gas company. He later objected when the gas company entered his land to construct and maintain the pipeline. The court found for the gas company, holding that the issue relating to the extent of the easement should have been raised in the District Court, and, not having been raised, it was res judicata.

As early as 1905, in Roberts v. Sioux City & P. R. Co., 73 Neb. 8, 102 N. W. 60 (1905), this court stated: "Whether the amount [of land] asked for in a condemnation proceeding is necessary or not must be determined in such proceeding; and the condemnation of a certain width for a right of way is an adjudication that said width is necessary. . . . If plaintiff believed that defendant did not need a 200-feet right of way through his homestead, he should have raised that issue in the condemnation proceeding."

Appellant places great reliance upon Krauter v. Lower Big Blue Nat. Resources Dist., 199 Neb. 431, 259 N. W. 2d 472 (1977). However, the case is distinguished because there the landowner raised the issue of excess taking in his appeal from the appraiser's award.

The question of the necessity of the taking for the use intended should have been raised in the eminent domain proceeding. The appellant, having failed to raise the issue in that proceeding, cannot raise the question now.

A motion for summary judgment should be granted only where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Exchange Bank & Trust

763

Co. v. Tamerius, 200 Neb. 807, 265 N. W. 2d 847 (1978).
AFFIRMED.

HASTINGS, J., participating on briefs.