T. T. BELL, PLAINTIFF, V. JOHN W. TEMPLIN, DE-
FENDANT.

[FILED APRIL 3, 1889.]

**Election Contest: JURISDICTION.** A county attorney is a county officer, and the county court of the proper county has original jurisdiction in a proceeding to contest the election of such attorney, and the supreme court has not original jurisdiction.

ORIGINAL proceeding to contest election of defendant as county attorney of Howard county.

*Darnall & Kendall,* for plaintiff.

*Henry Nunn, Talbot & Bryan,* and *John W. Templin,* for defendant.

MAXWELL, J.

The plaintiff and defendant were candidates for the office of county attorney of Howard county, at the general election held November 6, 1888, and the defendant was declared to have a majority of the votes cast and to be elected. The plaintiff has brought an original action in this court to contest said election. The defendant demurred to the petition on the ground of want of jurisdiction.

Sec. 2, art. VI, of the Constitution, provides that: "The supreme court shall consist of three judges, a majority of whom shall be necessary to form a quorum, or to pronounce

a decision.    It shall have original jurisdiction in cases re-
lating to the revenue, civil cases in which the state shall be
a party, mandamus, quo warranto, habeas corpus, and such
appellate jurisdiction as may be provided by law."

Section 69 of chapter 26, Compiled Statutes, provides
that: "The supreme court shall hear and determine contests
of the election of judges of the supreme court, judges of the
district courts, district attorneys, and regents of the univer-
sity; and in case they shall disagree, the governor shall act
with them in determining the contest; but no judge of the
supreme court shall sit upon the hearing of any case in
which he is a party.

"Sec. 70. The district courts of the respective counties
shall hear and determine contests of the election of county
judge, and in regard to the removal of county seats, and in
regard to any other subject which may by law be submitted
to the vote of the people of the county; and the proceed-
ings therein shall be conducted as near as may be hereinafter
provided for contesting the election of county officers.

"Sec. 71. The county courts shall hear and determine con-
tests of all other county, township, and precinct officers,
and officers of cities and incorporated villages within the
county."

In 1885 the legislature passed an act to provide for
county attorneys, which declares:

"Sec. 15. That at the general election in 1886, and every
two years thereafter, a county attorney shall be elected in
each organized county, for judicial purposes, who shall hold
his office for the term of two years and until his successor
is elected and qualified; who shall, before he enters upon
the duties of said office, execute a bond to the state of Ne-
braska, in a sum not less than one thousand dollars, to be
fixed by the county board, with two or more good and suf-
ficient sureties, to be approved by said board, which bond
shall be conditioned for the faithful performance of his
duties as such officer, and that he will pay over to the

county treasurer, in the manner prescribed by law, all moneys which shall come into his hands by virtue of his office, and shall file said bond in the office of the county clerk, and the same shall be recorded in the proper records of the said county.

"Sec. 16. It shall be the duty of the county attorney to appear in the several courts of their respective counties and prosecute and defend, on behalf of the state and county, all suits, applications, or motions, civil or criminal, arising under the laws of the state, in which the state or the county is a party or interested."

"Sec. 26. That whenever the term district attorney or prosecuting attorney appears in the laws of Nebraska, it shall hereafter mean county attorneys; and all laws now in force regulating the duties of district attorneys in criminal matters and proceedings, shall apply to county attorneys herein provided for."

Under the act of 1885 the office of district attorney was abolished and that of county attorney created. The office of county attorney is a county office, and in contesting an election for such office, the same tribunal has jurisdiction as if the office contested was that of sheriff or clerk. It is the policy of our law to require trials of this kind to take place in the county where the cause of action accrues, and where the witnesses may be brought before the tribunal and the testimony taken without unnecessary inconvenience or expense. Where, however, the district comprises a number of counties, or the entire state, it is necessary to provide a tribunal with wider powers than is possessed by the tribunal spoken of in either section seventy or seventy-one of chapter twenty-six, Compiled Statutes; hence it is sought to confer this power on the supreme court. The supreme court undoubtedly has power in actions of quo warranto and probably in a proceeding to contest an election in any of the cases mentioned in section sixty-nine, chapter twenty-six. The original jurisdiction of the supreme court in

judicial proceedings is fixed by sec. 2, art. 6 of the Constitution, and is limited to cases relating to the revenue, mandamus, quo warranto, habeas corpus, and cases in which the state shall be a party. The designation of these cases in which the court has original jurisdiction is a direct prohibition of jurisdiction in other cases. The maxim, "*Expressio unius est exclusio alterius*," applies, and excludes original jurisdiction in other cases. The supreme court is intended as a court of review, the principal business being a reëxamination of the judgments of the district courts. The original jurisdiction is conferred on this court in a limited number of cases to enable the court to protect the rights of parties where other means would seem to be inadequate, and to prevent a failure of justice. A tribunal to determine contested elections need not be, strictly speaking, a judicial body, the powers exercised being *quasi* political and administrative. (*State v. Oleson*, 15 Neb. 247; *State v. Saline County*, 18 Id. 428.) There is but little doubt, therefore, that the legislature may constitute the supreme court a tribunal to decide contests of election in cases where officers are elected by the entire state, or by a number of counties constituting a district thereof. This question, however, does not arise in this case, as a county attorney is a county officer; and while he performs within his county the same duties as were required of a district attorney in such county, and the language of the statute has been so modified as to confer the same powers upon the county attorney as were formerly possessed by a district attorney, yet, in proceedings to contest the election, as in all other matters, he is a county officer, and the county court has original jurisdiction of the case. This court therefore has no original jurisdiction, and the demurrer must be sustained and the action dismissed.

JUDGMENT ACCORDINGLY.

THE other Judges concur.