MATT MILLER v. ROBT. WHEELER.

J. C. CRAWFORD v. W. F. NORRIS.

[FILED JANUARY 20, 1892.]

1. **Elections:** CONTEST: SUPREME COURT: ORIGINAL JURISDIC-
   TION. In an action to contest the election of certain judges of
   the district courts. *Held,* That the limitation in sec. 2, art. 6
   of the constitution of the original jurisdiction of the supreme
   court to cases relating to the revenue, civil cases in which the
   state shall be a party, *mandamus, quo warranto,* and *habeas corpus*
   was a prohibition upon the power of the court to entertain
   original jurisdiction in other cases, and that a contest of elec-
   tion is essentially a judicial proceeding.

2. ——: ——: ——. There is no power in the legislature to
   constitute the supreme court a board to try contests of elections,
   as the powers and duties of the court are essentially judicial in
   their nature and cannot be perverted from that purpose.

ORIGINAL proceedings to contest election of district
judges.

*S. H. Steele,* and *G. W. Simpson,* for contestant Miller:

The legislature may increase the original jurisdiction of
the supreme court unless prohibited by the constitution.
(Cooley, Const. Lim., 206.) Hence the law granting ju-
risdiction herein is valid. (*Harris v. Executor,* 21 N. J.
Eq., 424; *Shaw v. Hill,* 67 Ill., 456; *Broadwell v. People,*
76 Id., 555; Brown, Jurisdiction, sec. 13; Wells, Juris-
diction, 53; *Bell v. Templin,* 26 Neb., 249.) A state law
is presumably valid in any case, and this presumption is a
conclusive one unless in the constitution of the United
States, or of the state, we are able to discover that it is
prohibited. (Cooley, Const. Lim., 206, 216.)

*M. McLaughlin,* for contestant Crawford, after contend-
ing that the principle claimed by contestee would, under sec.

1, art. 6, Const., prevent the establishment of other tribunals than those there enumerated, cited also, as adverse to the claim: *State v. Oleson,* 15 Neb., 247; *Bell v. Templin,* 26 Id., 249; *State v. Saline Co.,* 18 Id., 428; *Steele v. Martin,* 6 Kan., 431.

*George B. France,* and *R. S. Norval,* for contestee, Wheeler:

The court should decline to take cognizance of the case, as it is in form of an original action and does not invoke appellate jurisdiction. (*Vail v. Dinning,* 44 Md., 210; *Foster v. State,* 41 Id., 61; *State v. Flentge,* 49 Id., 488; *Marbury v. Madison,* 1 Cranch [U. S.], 139). The maxim *Expressio unius est exclusio alterius* applies. (*Bell v. Templin,* 26 Neb., 262; *Paulson v. State,* 25 Id., 344–47; *Kent v. Mahaffy,* 2 O. St., 498; *State Bank of Ohio ex parte,* 1 Id., 432; *Wheeler v. Lynn,* 8 Id., 393; *P., Ft. W. R. Co. v. Hurd,* 17 Id., 144; *Knapp v. Thomas,* 39 Id., 377–83; *Cleghorn v. Waterman,* 16 Neb., 225; *Campbell v. Campbell,* 22 Ill., 664; *Crull v. Keener,* 17 Id., 246; *Plumleigh v. White,* 4 Gil. [Ill.], 387; *Chicago v. Iron Works,* 2 Brad. [Ill.], 189; *L. & S. R. Co. v. Lux,* 63 Ill., 523.)

*Barnes & Tyler, C. C. McNish, Jay & Beck,* and *Uriah Bruner,* for contestee Norris, cited: Curtis, Juris. of U. S. Courts, 8; *Commonwealth v. Commissioners,* 37 Pa. St., 237; *Gibson v. Templeton,* 62 Tex., 555; *State v. Bank,* 5 Sneed [Tenn.], 573; *Ward v. Thomas,* 2 Cold. [Tenn.], 565; *Gibson v. Emerson,* 2 Eng. [Ark.], 172; *State v. Jones,* 22 Ark., 331; *Haight v. Gray,* 8 Cal., 297; *Deck v. Gherke,* 6 Id., 666; *Zander v. Coe,* 5 Id., 230; *P., F. W. & C. R. Co. v. Hurd,* 17 O. St., 144; *Durousseau v. U. S.,* 6 Cranch [U. S.], 307; *U. S. v. More,* 3 Id., 159; *Ex parte Knowles,* 5 Cal., 300; *Ferris v. Coover,* 11 Id., 175; *Greely v. Townsend,* 25 Id., 604; *Powell v. Spaulding,* 3 Greene [Ia.], 417; *Perkins v. Testerment,* Id., 207–8; *State v. Al-*

*len,* 5 Kan., 213; *Att'y Gen'l v. Messmore,* 14 Wis., 121, 177; *Cleghorn v. Waterman,* 16 Neb., 225; *Paulson v. State,* 25 Id., 344; *Bell v. Templin,* 26 Id., 249; *State v. School Dist.,* 10 Id., 477; *Tecumseh v. Phillips,* 5 Id., 305; *White v. Lincoln,* Id., 505; *State, ex rel. Jones, v. Lancaster Co.,* 6 Id., 474; *B. & M. R. Co. v. Sanders Co.,* 9 Id., 507; *Hamlin v. Meadville,* 6 Id., 234; *Ives v. Norris,* 13 Id., 254; *Ex parte Thompson,* 16 Id., 239; *Herold. v. State,* 21 Id., 50; *State v. Van Duyn,* 24 Id., 591; *Messenger v. State,* 25 Id., 676.

MAXWELL, CH. J.

The plaintiff Miller contests the right of Wheeler to the office of judge of the district court of the fifth judicial district. The plaintiff Crawford contests the right of Norris to the office of judge of the eighth district.

In each of these cases a petition has been filed in this court and the proceedings for contest instituted herein. Each of the defendants demur to the petition of contest upon the ground that the court has no authority as a court of original jurisdiction to hear and determine the cases. As the same question is presented in each of the cases they will be considered together.

Sec. 2, art. 6, of the constitution provides that "The supreme court shall consist of three judges, a majority of whom shall be necessary to form a quorum, or to pronounce a decision. It shall have original jurisdiction in cases relating to the revenue, civil cases in which the state shall be a party, *mandamus, quo warranto, habeas corpus,* and such appellate jurisdiction as may be provided by law."

In *Bell v. Templin,* 26 Neb., 249, an original action was brought in this court to contest the right of a county attorney, and the defendant demurred to the petition for want of jurisdiction. It was held that a county attorney being a county officer the proceedings should be instituted

in the county court of the proper county. In that case it is said, "Where, however, the district comprises a number of counties or the entire state it is necessary to provide a tribunal with wider powers than is possessed by the tribunal spoken of in either section 70 or 71 of chapter 26, Compiled Statutes; hence it is sought to confer this power on the supreme court. The supreme court undoubtedly has power in actions of *quo warranto* and probably in a proceeding to contest an election in any of the cases mentioned in section 69, chapter 26. The original jurisdiction of the supreme court in judicial proceedings is fixed by sec. 2, art. 6, of the constitution, and is limited to cases relating to the revenue, *mandamus, quo warranto, habeas corpus,* and cases in which the state shall be a party. The designation of these cases in which the court has original jurisdiction is a direct prohibition of jurisdiction in other cases. The maxim, '*Expressio unius est exclusio alterius,*' applies and excludes original jurisdiction in other cases. The supreme court is intended as a court of review, the principal business being a re-examination of the judgments of the district courts. The original jurisdiction is conferred on this court in a limited number of cases to enable the court to protect the rights of parties where other means would seem to be inadequate and to prevent a failure of justice. A tribunal to determine contested elections need not be, strictly speaking, a judicial body, the powers exercised being political and administrative. (*State v. Oleson,* 15 Neb., 247; *State v. Saline County,* 18 Id., 428.) There is but little doubt, therefore, that the legislature may constitute the supreme court a tribunal to decide contests of election in cases where officers are elected by the entire state, or by a number of counties constituting a district thereof. This question, however, does not arise in this case.

Both of my associates are of the opinion that a contest of election is a judicial proceeding as much so as an action

of *quo warranto,* and that therefore the court has no orig-
inal jurisdiction, and on mature reflection I think their
views are correct.   The question did not arise in *Bell v.
Templin,* but the writer having in mind the cases of *State
v. Oleson,* 15 Neb., 247, and *State v. Saline County,* 18 Id.,
428, wherein it was held in substance that a tribunal for
the trial and removal of an officer for dereliction of duty
need not strictly be a court, expressed his views as above.
A more careful examination of the statute and the constitu-
tion, however, convinces the writer that the original juris-
diction of the supreme court is confined to the cases specified
in the constitution, and that under another name no addi-
tional jurisdiction can be conferred.   This is a court the
primary object of which is to review cases tried in the
district courts.   It is an appellate tribunal and it is given
original jurisdiction in a few limited cases, most of which
are extraordinary remedies for the purpose of preventing a
failure of justice.   It is argued with considerable force that
this proceeding is a branch of the action of *quo warranto;*
in fact is such action in all but in name.   It is sufficient to
say that it is not an action of *quo warranto,* and it is un-
necessary to point out the differences between the two.   It
is evident that the court has no original jurisdiction in this
class of cases.   Neither can the legislature clothe this court
with power as a board to hear contest of election cases, as
the duties of the court are essentially judicial and cannot
be perverted from that purpose.   The demurrer must there-
fore be sustained and the actions

DISMISSED WITHOUT PREJUDICE.

THE other judges concur.