STATE OF NEBRASKA, EX REL. S. H. KING ET AL.,
v. CHARLES L. HALL, JUDGE OF THE DISTRICT
COURT.

FILED MARCH 18, 1896.    No. 8338.

1. **Supreme Court:** JURISDICTION. The original jurisdiction
of this court is by section 2, article 6, of the constitution
restricted to cases relating to the revenue, civil cases to
which the state is a party, *mandamus, quo warranto,* and
*habeas corpus.*

2. ———: ———. It is not within the power of the legis-
lature to confer upon this court original jurisdiction
over subjects not enumerated in the constitution. (*Mil-
ler v. Wheeler,* 33 Neb., 765.)

3. ———: ———: PROHIBITION. The constitution has not
conferred upon this court original jurisdiction to award
a writ of prohibition as an independent remedy.

4. ———: ———: ———. Whether a writ of prohibition may
be allowed by this court in aid of its appellate jurisdic-
tion, *quære.*

ORIGINAL application for a writ of prohibition
forbidding the respondent from entertaining any
proceeding or making any order in a certain cause
pending in the district court for Lancaster
county.  *Dismissed.*

*J. R. Webster, G. A. Adams,* and *Fred Shepherd,*
for relators:

Prohibition is a remedy provided by the com-
mon law against encroachment of jurisdiction
and is regarded as generally applicable unless
abrogated by positive and express statutory en-
actment. (*Arnold v. Shields,* 5 Dana [Ky.], 18;
*Mayo v. James,* 12 Gratt. [Va.], 18; *Thomson v.
Tracy,* 60 N. Y., 31; *State v. Judge,* 38 La. Ann.,

247; *Hutton v. Fowke,* 1 Keb. [Eng.], 648; *North Bloomfield Gravel Mining Co. v. Keyser,* 58 Cal., 315.)

Like other common law remedies, prohibition is generally considered as pertaining to the jurisdiction of courts possessing common law powers, unless abolished by statute, as one of the means by which appellate courts exercise their jurisdiction. (2 Spelling, Extraordinary Relief, secs. 1719, 1733; *Connecticut R. R. Co. v. Commissioners of Franklin County,* 127 Mass., 58; High, Extraordinary. Legal Remedies, secs. 762, 765, 767, 768; *Day v. City of Springfield,* 102 Mass., 312.)

So much of the common law of England as is applicable, and is not inconsistent with the federal or state constitution, or with any statute law of the state, is declared to be the law of this state. The supreme court has jurisdiction to issue the writ. (Compiled Statutes, ch. 15; State Constitution, art. 1, sec. 24, art. 6, secs. 1, 2; High, Extraordinary Legal Remedies, sec. 763.)

*Charles L. Hall, pro se.*

*L. C. Burr* and *A. S. Tibbets,* for receiver, John E. Hill.

Post, C. J.

A rule was, upon the sworn information of the relators, allowed against the respondent, one of the judges of the district court for Lancaster county, to show cause why a writ of prohibition should not issue from this court restraining him, the said respondent, from making certain orders in the case of William G. Morrison v. Lincoln Savings Bank & Safe Deposit Company, pending

in said district court. The ground of the applica-
tion, briefly stated, is that the defendant is one of
the subscribers for the original stock of said
bank, which is now insolvent; that of the amount
so subscribed there has been paid ten per cent
and no more, leaving the respondent liable to the
creditors of the bank for ninety per cent of his
aforesaid subscription, by reason of which he is
disqualified to act in said case or to make any
orders therein affecting the rights of the credit-
ors; but notwithstanding said fact, the respond-
ent did, on the 12th day of January, 1896, while
presiding over one of the divisions of the district
court for said Lancaster county, assume to ap-
point one J. E. Hill, as receiver, to wind up the.
business and affairs of said bank; that a motion
was subsequently made by the relators for the
discharge of said receiver and for the appoint-
ment of a more suitable person to execute the
said trust, and that the respondent, although dis-
qualified to act in the premises by reason of the
facts herein stated, is about to, and will, unless
restrained by this court, pass upon and decide
said motion, etc. The respondent, in obedience
to the *nisi* order, has submitted a statement, un-
der oath, denying *seriatim* the allegations of the
information, and unites with the relator in af-
firming the jurisdiction of this court to entertain
the proceeding, notwithstanding our intimation
to the contrary. We appreciate the delicacy of
the position in which Judge Hall is placed by
this proceeding, and can but commend his course
in insisting upon a determination of the merits
of the controversy, although we must decline, for
reasons hereafter stated, to entertain that ques-
tion. Owing to the fact already appearing, that

the parties hereto agree in asserting the jurisdiction of this court over the subject of the controversy, we have been deprived of the assistance which would, under other circumstances, have been expected from counsel in the investigation of so important a subject. We have, however, devoted to an examination of that question the time at our disposal, and which has resulted in a conclusion adverse to the contention in favor of our jurisdiction.

The development of the remedy by means of the writ of prohibition in the court of queen's bench, and also in this country, is both entertaining and profitable as a field for study; but that subject is foreign to the present inquiry, since the question here involved is one of constitutional construction, and depends upon the interpretation given to the express provisions of that instrument. This court, except in the exercise of its appellate jurisdiction, is one of limited and enumerated powers. It shall have jurisdiction, says the constitution, "in cases relating to the revenue, civil cases in which the state shall be a party, *mandamus, quo warranto, habeas corpus,* and such appellate jurisdiction as may be provided by law." (Constitution, art. 6, sec. 2.) That provision, it was held in *Miller v. Wheeler,* 33 Neb., 765, is a grant of power and by implication limits the original jurisdiction of this court to the subjects therein enumerated. The peculiar character of a constitutional tribunal is that it is not susceptible of change in any essential respect save in the manner prescribed in the fundamental law itself. That principle was early recognized by the supreme court of the United States in giving effect to the provision of the federal consti-

tution defining its original jurisdiction, viz., the supreme court shall have original jurisdiction "in all cases affecting ambassadors and other public ministers and consuls, and those in which a state shall be a party." (Constitution, U. S.; art. 3, sec. 2.)    The question of the power of congress to confer upon that court jurisdiction in *mandamus* proceedings was presented in *Marbury v. Madison*, 1 Cranch [U. S.], 137, and resolved in the negative, Chief Justice Marshall using this forcible language: "If it had been intended to leave it in the discretion of the legislature to apportion the judicial power between the supreme and inferior courts, according to the will of that body, it would certainly have been useless to have proceeded further than to have defined the judicial power and the tribunals in which it should be vested. The subsequent part of the section is mere surplusage, is entirely without meaning, if such is to be the construction.    If congress remains at liberty to give this court appellate jurisdiction where the constitution has declared their jurisdiction shall be original, and original jurisdiction where the constitution has declared it shall be appellate, the distribution of jurisdiction made in the constitution is form without substance." The doctrine thus stated is supported by an unbroken line of decisions by that court, including the recent case of *California v. Southern Pacific Co.*, 157 U. S., 229.    Other courts have gone still further in denying to the legislature power to enlarge their jurisdiction.    For instance, in *Sevinsky v. Wagus*, 76 Md., 335, under a constitutional provision conferring upon the Maryland court of appeals jurisdiction "co-extensive with the limits of the state, and such as is now, or may

hereafter be, prescribed by law," that court refused to entertain an application for a writ of *habeas corpus*, although the legislature had expressly declared that "the court of appeals and the chief judge thereof, shall have power to grant the writ of *habeas corpus* and to exercise jurisdiction in all matters relating thereto throughout the whole state." In the opinion of the court, Alvey, C. J., after proving that the court of appeals had under the previous constitution appellate jurisdiction only, says: "It would therefore seem to be clear that the jurisdiction of this court is appellate only; for if not so, and the legislature could confer original jurisdiction upon it in cases of *habeas corpus*, it could also confer such jurisdiction in cases of *mandamus*, or in cases of any other subject-matter of original jurisdiction." But the precise question here involved was before the supreme court of Illinois in the recent case of *People v. Horton*, 12 National Corporation Rep., 7, under a constitution after which ours appears to have been modeled and which confers upon that court original jurisdiction "in cases relating to the revenue, in *mandamus* and *habeas corpus*, and appellate jurisdiction in all other cases." It was held, citing *Field v. People*, 2 Scam. [Ill.], 79, and *Campbell v. Campbell*, 22 Ill., 664, that the original jurisdiction of that court cannot be extended by implication, but is limited to the subjects specially enumerated in the constitution, and that it was accordingly without authority to allow the writ of prohibition. It was further held,—but as to which we express no opinion,—that that court is without authority to award the writ of prohibition even in an ancillary proceeding in aid of

its appellate jurisdiction. (See, also, Hawes, Jurisdiction of Courts, sec. 39; Brown, Jurisdiction of Courts, sec. 14; Works, Courts and Their Jurisdiction, 428.) A consideration of the authorities cited can lead to a single conclusion, viz., that it is not within the constitutional power of this court to grant the relief sought. The rule should therefore be discharged.

RULE DISCHARGED.