STATE OF NEBRASKA, PLAINTIFF, V. TABITHA HOME ET AL.,
DEFENDANTS.

FILED APRIL 4, 1907.   No. 14,766.

Courts: JURISDICTION.  The supreme court will not entertain original
jurisdiction in an action to compel a former manager of a private
charitable corpo.ation to account.

ORIGINAL action for an accounting.   Defendants object
to the jurisdiction of the court.   *Objection sustained and
action dismissed.*

*Norris Brown, Attorney General,* and *W. T. Thompson,*
for plaintiff.

*Walter J. Lamb, contra.*

LETTON, J.

This is an original action in this court, in which the
state of Nebraska appears as plaintiff and Tabitha Home,
a corporation, and Henry Heiner and Emma Heiner are
defendants.   The petition alleges, in substance, that
Tabitha Home is a corporation existing under the statutes
of Nebraska providing for the incorporation of charitable
societies; that until about three months ago the defend-
ants Henry Heiner and Emma Heiner have been trustees
and general managers of the corporation; that the
attorney general made a demand in writing upon the de-
fendants to make a full report and statement of the
affairs of the corporation and that two incomplete and
unsatisfactory reports were furnished; that an exami-
nation was made of the books of the corporation by an
expert accountant, who reported that it was impossible to
discover therefrom the true condition of its affairs.   It
is further alleged that the affairs of the corporation have
been grossly mismanaged and are in such a confused and
uncertain condition that the present trustees, "who are
wholly without fault in the matter," as well as the de-

fendants Heiner, are unable to make a true report of its financial condi'ion, and that there are numerous notes and obligations outstanding, the validity of which is questioned; that the corporation has entered into certain contracts to maintain for life certain aged persons, for which large sums of money have been paid to the defendants Heiner, and that the management is unable to raise funds to pay the debts or properly to care for the inmates of the institution. The prayer is that the court will ascertain and adjudicate the true condition of affairs of the corporation, and if it shall be found that the defendants have abused the franchise by mismanagement or incompetency, or that the corporation is insolvent, that the franchise of the corporation may be forfeited and a receiver appointed to wind up its affairs. No service was had upon the defendant corporation. The defendants Heiner have entered a special appearance objecting to the jurisdiction of the court over the subject matter.

Assuming, but not deciding, that the allegations of the petition are sufficient to constitute a cause of action in equity for an accounting by the defendants Heiner of the affairs of the corporation, the question presented is whether this court is vested by the constitution with jurisdiction to entertain such an action. Section 2, art. VI of the constitution, provides that the supreme court "shall have original jurisdiction in cases relating to the revenue, civil cases in which the state shall be a party, mandamus, *quo warranto,* habeas corpus and such appellate jurisdiction as may be provided by law." The petition does not state a cause of action in *quo warranto* against the Heiners. The position of the attorney general is that the action may be maintained by reason of the provisions of section 154, ch. 16, Comp. St. 1905, which are as follows: "Any corporation formed under this act shall, whenever required by the attorney general or by the legislature, report a full statement of its affairs under the oath of at least two of its trustees, and for any neglect to furnish such report when required all the trustees so neglecting

shall be liable to a penalty of fifty dollars each, to be recovered by action of debt in the name of the people of Nebraska." He further contends that the state is an interested party in the affairs of the corporation, that it possesses general control over charitable corporations, and that it is a proper party plaintiff to prevent misappli- cation of the funds of corporations of this nature. The provisions of section 154 only go to the extent of making trustees in default of a report liable to a personal penalty, the object of the statute being to furnish the public, from whom the money is derived, with the knowledge that it is being properly expended in furtherance of the charity.

The state has no interest, except as *parens patriæ*, in the control and management of private charitable corpo- rations. If the funds of this institution were derived by taxation or from other sources provided by the state, in the proper disbursement of which the state had a direct interest, it is possible that an action of this kind might be entertained by this court, but the jurisdiction which is sought to be called into operation in this case against the Heiners is of like nature to an original action in equity by a person interested in the fund to compel the officers of a corporation or the trustees of a trust, who are charged with misappropriating or diverting its funds or violating the purposes of its creation, to make a full accounting of all their acts and doings in the exercise of their trust. While the state is indirectly interested as being concerned with the general welfare of all its citizens, still it has no direct legal interest in the matter, and the proper forum for such questions is provided by the district court, which is vested with full chancery powers.

The purpose of this action, so far as concerns the Heiners, is to compel an accounting. The state is not a proper party to such an action, and hence the objection of the defendants Heiner to jurisdiction is sustained, and the cause dismissed as to them.

DISMISSED.