STATE, EX REL. PAUL F. GOOD, ATTORNEY GENERAL, RELATOR, V. HARRY P. CONKLIN, RESPONDENT.

FILED JUNE 18, 1934. No. z9204.

*Paul F. Good, Attorney General, Daniel Stubbs* and *William H. Wright,* for relator.

*Beghtol, Foe & Rankin* and *Lee Basye,* for respondent.

Heard before ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and LESLIE and RYAN, District Judges.

ROSE, J.

This is an action in the nature of *quo warranto.* It was brought originally in the supreme court by the state of Nebraska on the relation of the attorney general to remove Harry P. Conklin, respondent, from the executive state office of commissioner of public lands and buildings for alleged criminal acts as a public officer.

The grounds upon which a writ of ouster is sought may be summarized as follows: March 18, 1933, respondent entered into a conspiracy with his deputy, Herbert Wehn, and a public employee named George Lane, to defraud the state and in pursuance of that conspiracy and unlawful purpose obtained from the state by false pretenses $1,151 and appropriated to his own use the state funds so procured; May 12, 1933, executed and delivered to the auditor, secretary of state and treasurer a fraudulent voucher for excessive compensation of state house janitors and

other state employees and thereafter committed a similar offense each month until and including February 20, 1934; procured the issuance and payment of state warrants on the excessive vouchers, exacted from employees, and converted to his own use the difference between lawful compensation and excessive vouchers, thus defrauding the state of the amount so exacted and converted; February 1, 1933, and on subsequent dates, corruptly and lawlessly exacted for appointment and retention of state employees various sums of money itemized in the information; February 23, 1933, and on subsequent dates, collected and converted to his own use $539.50 in rentals for rooms used for a restaurant in the state capitol building; received for ice manufactured by and belonging to the state and converted to his own use $36.

It is charged in the information that each of the unlawful acts pleaded by relator was committed by respondent pursuant to the conspiracy with Wehn or with both Wehn and Lane. The details of the official misconduct with which respondent is charged are pleaded in the information, but the foregoing statement is sufficient to indicate the grounds on which his removal from office is demanded.

The authority of the supreme court to remove respondent from office on the grounds charged in the information is challenged on his behalf by objections to jurisdiction. If the facts pleaded by relator are insufficient to state a cause of action in the nature of *quo warranto*, it is unnecessary to entertain jurisdiction. Except in the exercise of appellate jurisdiction, the supreme court is one of limited and enumerated powers. *State v. Hall*, 47 Neb. 579. Original jurisdiction of the supreme court in *quo warranto* came from the Constitution, which provides:

"The supreme court shall have jurisdiction in all cases relating to the revenue, civil cases in which the state is a party, mandamus, *quo warranto*, habeas corpus, and such appellate jurisdiction as may be provided by law." Const. art. V, sec. 2. See *State v. Boyd*, 31 Neb. 682.

What "*quo warranto*" means in this grant of original jurisdiction, when the writ is directed to an executive state officer, indicates the measure of the powers conferred upon the supreme court, except as extended by other provisions of the Constitution. The supreme court itself, in the exercise of original jurisdiction, can make no new law nor add any new ground to oust an executive state incumbent from office. No exigency or emergency can justify a judicial usurpation to oust an executive state officer for crimes committed by him in the exercise of official power but of which he has not been convicted. The general understanding of "*quo warranto*," as the term is used in that part of the Constitution quoted, is that it is a writ employed to try the right or title under which a public or corporate office or franchise is claimed, not to test the legality of a public officer's acts. Bailey, in his work on extraordinary legal remedies, says of *quo warranto*:

"The writ is employed to try the right of a person claiming to an office, not to test the legality of his acts." 2 Bailey, Habeas Corpus, 1253, sec. 318.

Referring to *quo warranto,* the supreme court of Illinois held:

"This writ is generally employed to try the right a person claims to an office, and not to test the legality of his acts." *People v. Whitcomb,* 55 Ill. 172, 176.

On the same subject the supreme court of Texas said:

"Neither under the statute nor common law can one who has been declared elected to an office, and who has entered upon the discharge of its duties, be deprived thereof for bribery until he has been convicted of that offense." *State v. Humphries,* 74 Tex. 466.

Provisions of the Constitution of Kentucky made dueling a disqualification for the holding of a public office. Under the disqualifying provisions a public officer was indicted for usurping an office. A demurrer to the indictment was sustained and the prosecution dismissed. Upon appeal the supreme court of Kentucky said:

"A citizen who denies that he is guilty of having violated those provisions, and is willing to take the oath of office, may enter upon and discharge the duties thereof without subjecting himself to an indictment for usurpation of office until he has been first indicted, tried, and convicted for the disqualifying offense." *Commonwealth v. Jones,* 10 Bush (Ky.) 725.

The supreme court of Nebraska entertained original jurisdiction in an action in the nature of *quo warranto* to determine the eligibility of James E. Boyd to be elected to and to· hold the office of governor. The writ was allowed to try the right or title under which he claimed the office, but did not involve the legality of any act of his as chief executive. It was explained in that case that original jurisdiction was conferred by the constitutional grant relating to *quo warranto,* the opinion stating:

"While the Constitution declares that contests of the election of officers of the executive department are to be tried by the legislature, the same instrument, as already stated, confers jurisdiction in *quo warranto* upon the supreme court. It was not the intention of the framers of the Constitution that the remedy by contest should impair the right of the judiciary to inquire into the authority by which any person assumes to exercise the duties of an office of the executive department, and to remove him therefrom, if he is constitutionally ineligible to be elected to or hold such office. We have no doubt that this court has jurisdiction of the case." *State v. Boyd,* 31 Neb. 682, 706.

The *Boyd* case is cited by relator, but its inapplicability to the present action is obvious. Eligibility to be elected to and to hold the office of governor and title thereto were the issues. In the present case, ouster is demanded for offenses committed by respondent as a public officer after he was elected, qualified and inducted into office. In the present instance, eligibility, election, qualification by oath and bond, induction into office and entering upon official duties are not questioned. These prerequisites to office-

holding are shown on the face of the information, the second paragraph of which alleges:

"That the respondent was duly elected the commissioner of public lands and buildings of the state of Nebraska for the term commencing the 5th day of January, 1933; that the respondent qualified as such state officer, subscribed to the oath of office therefor, and entered upon the duties thereof on said 5th day of January, and has at all times since and now is assuming to act as said officer and claiming the right to hold said office and to exercise and discharge the powers and duties thereof."

The ancient writ of *quo warranto* was a criminal process and was once the ruthless instrument of political and ecclesiastical tyrants in England, but it has been changed to a civil remedy. Speaking of the modern remedy by information in the nature of *quo warranto,* as distinguished from a criminal action, Chief Justice Waite said:

"Long before our revolution, however, it lost its character as a criminal proceeding in everything except form, and was 'applied to the mere purposes of trying the civil right, seizing the franchise, or ousting the wrongful possessor; the fine being nominal only.' * * * And such, without any special legislation to that effect, has always been its character in many of the states of the Union. * * * In some of the states, however, it has been treated as criminal in form, and matters of pleading and jurisdiction governed accordingly. Such is the rule in New York, Wisconsin, New Jersey, Arkansas, and Illinois, but in all these states it is used as a civil remedy only." *Ames v. Kansas,* 111 U. S. 449, 460.

The history of *quo warranto* was reviewed to some extent in *State v. Moores,* 56 Neb. 1, wherein it was held that a trial by jury is not demandable by respondent as a matter of right. Removal of respondent is not demanded for lack of title or for usurpation in the first instance, but for unlawful acts committed by him as an officer after he was legally inducted into office. The granting of relief pursuant to the information would sub-

ject him in a civil action without a jury to a trial for criminal offenses.

Contingencies under which offices created by the Constitution become vacant have not been overlooked. They are as follows:

"All offices created by this Constitution shall become vacant by the death of the incumbent, by removal from the state, resignation, conviction of a felony, impeachment, or becoming of unsound mind." Const. art. III, sec. 23.

The information does not charge the existence of a vacancy on any ground thus enumerated in the Constitution. Though the proceeding was commenced in good faith in the interest of the public, the facts alleged are insufficient to state a cause of action in the nature of *quo warranto*. There is no sufficient reason for entertaining jurisdiction.

DISMISSED.