FRED SORENSEN, CONTESTANT AND PLAINTIFF, V. WAYNE R. SWANSON, A RAILWAY COMMISSIONER OF NEBRASKA, CONTESTEE AND DEFENDANT, FRANK B. MORRISON, GOVERNOR OF THE STATE OF NEBRASKA, ET AL., DEFENDANTS.
147 N. W. 2d 620

Filed January 4, 1967.   No. 36548.

Ralph R. Bremers and William L. Walker, for plaintiff contestant.

Viren, Emmert & Epstein, James E. Ryan, and Jack W. Marer, for defendant contestee.

Clarence A. H. Meyer, Attorney General, Gerald S. Vitamvas, Calvin E. Robinson, and Lester R. Seiler, for defendants.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

CARTER, J.

The plaintiff filed a petition in this court denominated a petition for election contest against the defendant Swanson as contestee and other state officers. Defendants filed demurrers to the petition. Briefs were filed and oral arguments had. The issues raised by the demurrers are now before this court for decision.

The petition alleges that plaintiff is the duly elected, qualified, and acting Treasurer of the State of Nebraska. He filed for reelection to the office on December 17, 1965, and was duly nominated as the candidate of the Democratic party at the primary election following. The

defendant contestee, a member of the Nebraska State Railway Commission, filed for the office of State Treasurer of the State of Nebraska on October 27, 1965, and was duly nominated as the candidate of the Republican party at the primary election following. At the general election held on November 8, 1966, defendant contestee received the highest number of votes for Treasurer of the State of Nebraska and plaintiff received the second highest number of votes for said office. It is alleged that defendant contestee will assume the office of Treasurer of the State of Nebraska on January 5, 1967, unless an action for an election contest is then pending as by law provided.

Plaintiff alleges that the defendant contestee was ineligible to be a candidate for the office to which he was elected in that he is an executive officer within the provisions of Article IV, section 2, of the Constitution, and, therefore, is ineligible to any other state office during the period for which he was elected as a member of the railway commission. It is not disputed that the defendant contestee was a member of the Nebraska State Railway Commission at the time of his filing for the office of Treasurer of the State of Nebraska and serving a term ending in January 1969. Plaintiff prays that the Supreme Court grant leave to file his petition, take evidence, and enter judgment against defendant contestee to the effect that he is ineligible to hold the office of Treasurer of the State of Nebraska, and, in effect, enjoin the defendant contestee from qualifying for the office.

Demurrers were filed to plaintiff's petition on the grounds (1) that the Supreme Court does not have jurisdiction of the subject matter as granted to that court by Article V, section 2, Constitution of Nebraska; (2) that sections 32-1001.01 and 32-1001.02, R. S. Supp., 1965, violate Article V, section 2, Constitution of Nebraska; and (3) that the petition does not state facts sufficient to constitute a cause of action.

The original jurisdiction of the Supreme Court is defined and granted by Article V, section 2, Constitution of Nebraska, as follows: "The supreme court shall have jurisdiction in all cases relating to the revenue, civil cases in which the state is a party, mandamus, quo warranto, habeas corpus, and such appellate jurisdiction as may be provided by law." It is argued that the petition is in the nature of quo warranto, and that the delegation of original jurisdiction in quo warranto authorizes this court to assume jurisdiction of the present action.

Quo warranto is a common law remedy. It was in ancient times a high prerogative writ of right for the King against one who usurped, misused, or failed to exercise his office. The common law writ was broadened by statute in England to increase its scope to some extent. 44 Am. Jur., Quo Warranto, § 3, p. 89; State ex rel. Good v. Conklin, 127 Neb. 417, 255 N. W. 925. Many states in the country dealt with quo warranto by statute. In Nebraska, the subject is dealt with in sections 25-21,121 to 25-21,148, R. R. S. 1943. This statute provides that an information may be filed against any person holding office who has committed an act that works a forfeiture of his office. § 25-21,121, R. R. S. 1943. The information may be filed by the Attorney General or county attorney, or by an elector under certain conditions when the Attorney General or county attorney fail or refuse to act. § 25-21,122, R. R. S. 1943. When the defendant is holding an office claimed by another, the trial must, if practicable, determine the rights of the contesting parties. § 25-21,127, R. R. S. 1943. The necessity of obtaining permission of the Attorney General or county attorney does not apply in a suit between the contesting parties under the authority of section 25-21,146, R. R. S. 1943.

The question here presented is whether or not an occupant of a public office may bring an action in quo warranto against one elected to but not holding the office on the ground of the latter's ineligibility. At common

law, quo warranto was applied to the sole purpose of determining the right of an occupant to hold the office and ousting a wrongful possessor. It would appear that this common law rule is applicable except to the extent that it has been modified by statute. Our statute, above cited, has not modified the primary purpose of the common law writ of quo warranto.

At common law, the writ of quo warranto was available only to try the question of usurpation of or intrusion into a public office. This court appears to have adhered to this rule. In State ex rel. Good v. Marsh, 125 Neb. 125, 249 N. W. 295, this court said: "The defendant insists that the information comes too late, for that, if brought at all, it must have been brought before defendant Marsh assumed the duties of the office of county treasurer on January 8, 1931. In this the defendant is in error, for quo warranto, or a proceeding in the nature thereof, lies only against one who is in the possession and user of the office, or who has been admitted thereto. * * * 'Quo warranto will lie only when the party proceeded against is either a de facto or de jure officer in possession of the office, and an office that is vacant is in possession of no one. * * * Quo warranto will not lie before the beginning of the term of office.' "

In State ex rel. Larson v. Morrison, 155 Neb. 309, 51 N. W. 2d 626, we said: "Quo warranto or a proceeding in the nature thereof lies only against one who is in possession and user of the office or who has been admitted thereto."

Under the foregoing holdings, the petition in this case cannot be construed as one in quo warranto. The plaintiff is admittedly the holder and occupant of the office of Treasurer of the State of Nebraska, and, as such, a writ of quo warranto is not available to him.

The plaintiff contends that the Supreme Court is authorized to take jurisdiction of the case as an election contest under the provisions of sections 32-1001.01 and

32-1001.02, R. S. Supp., 1965. Defendants contend that insofar as these sections of the statute purport to confer original jurisdiction on the Supreme Court, they are unconstitutional and void. The history and foundation for these statutes appear important.

Prior to 1960, it was provided by Article IV, section 4, of the Constitution, in part as follows: "Contested elections for all of said offices shall be determined by both houses of the legislature, by joint vote, in such manner as may be prescribed by law." The foregoing section was amended in 1960 to provide in part: "The conduct of election contests for any of said offices shall be in such manner as may be prescribed by law." The offices referred to in these sections are the executive offices of the state as designated in Article IV, section 1, of the Constitution, which includes the office of Treasurer. It will be observed that the determination of election contests for state officers by both houses of the Legislature was changed to such manner as may be prescribed by law.

Plaintiff contends that the constitutional change had the effect of amending the original jurisdiction of the Supreme Court as defined in Article V, section 2, of the Constitution.

The law-making power is vested in the Legislature. It is for the Legislature, therefore, to determine the manner in which the election contests of state officers are to be decided. This it did when it enacted sections 32-1001 et seq., R. S. Supp., 1965. By sections 32-1001.01 to 32-1001.04, R. S. Supp., 1965, it provides that election contests of named executive state officers, including the office of Treasurer, shall be heard and determined by the Supreme Court.

The delegation of authority to the Legislature to determine election contests by law expands its powers to prescribe the manner and method of determining such contests by eliminating from the Constitution the former provision requiring the Legislature itself to make such

determination. The obvious purpose of the amendment was to remove the restrictions on the exercise of its legislative powers contained in the former provision and thereby permit it to exercise its legislative powers under existing law, unfettered by the limitation of the old constitutional provision. We find nothing in the constitutional amendment authorizing the Legislature to extend the original jurisdiction of the Supreme Court. The Legislature may not in such a manner extend the jurisdiction of this court as fixed by the Constitution.

This question was determined in State ex rel. Wright v. Barney, 133 Neb. 676, 276 N. W. 676, supported by previous cases in this court therein cited. In the Barney case, we said: "While it is true, as we have seen, that section 1, art. V of our Constitution provides that the judicial power of the state shall be vested in the tribunals therein named, and by section 2, art. V of the Constitution, the original jurisdiction of the supreme court as distinguished from its appellate jurisdiction is limited to 'all cases relating to the revenue, civil cases in which the state is a party, mandamus, quo warranto, (and) habeas corpus,' we are committed to the view that the limits of the constitutional jurisdiction thus conferred may not be increased or extended either by consent of parties or legislative enactment. Bell v. Templin, 26 Neb. 249, 41 N. W. 1093; Edney v. Baum, 70 Neb. 159, 97 N. W. 252; State v. Hall, 47 Neb. 579, 66 N. W. 642; Larson v. Wegner, 120 Neb. 449, 233 N. W. 253."

In Miller v. Wheeler, 33 Neb. 765, 51 N. W. 137, an election contest filed originally in this court and determined on demurrer, this court said: "A more careful examination of the statute and the constitution, however, convinces the writer that the original jurisdiction of the supreme court is confined to the cases specified in the constitution, and that under another name no additional jurisdiction can be conferred. This is a court the primary object of which is to review cases tried in the district courts. It is an appellate tribunal and it is given

original jurisdiction in a few limited cases, most of which are extraordinary remedies for the purpose of preventing a failure of justice. It is argued with considerable force that this proceeding is a branch of the action of quo warranto; in fact is such action in all but in name. It is sufficient to say that it is not an action of quo warranto, and it is unnecessary to point out the differences between the two. It is evident that the court has no original jurisdiction in this class of cases. Neither can the legislature clothe this court with power as a board to hear contest of election cases, as the duties of the court are essentially judicial and cannot be perverted from that purpose."

Except in the exercise of its appellate jurisdiction, the Supreme Court is one of limited and enumerated powers. State ex rel. Good v. Conklin, *supra*. Where a cause of action is not listed in Article V, section 2, of the Constitution, the limitations of the constitutional provision are effective in prohibiting the original jurisdiction of the Supreme Court. The contention that the amendment of Article IV, section 4, of the Constitution in 1960 infers the amendment of Article V, section 2, of the Constitution, cannot be accepted. The adoption of an amendment into the Constitution is treated as if such amendment was a part of the original Constitution. State ex rel. Mortensen v. Furse, 89 Neb. 652, 131 N. W. 1030. In the last case cited it was said in the syllabus: "When an amendment to the constitution is legally adopted, it becomes a part of that instrument, and in its application to subsequent transactions must be considered precisely as though it had been originally adopted as a part thereof in its amended form." See, also, County of Cass v. County of Sarpy, 63 Neb. 813, 89 N. W. 291. The 1960 amendment makes no reference to Article V, section 2, of the Constitution, and it was, in terms, an extension of the existing legislative powers of the Legislature. In construing a constitutional amendment to ascertain intent of the people in adopting it, courts must find such

intent in the language of the amendment itself and must not hold that the people intended anything different than the language employed imports. Ramsey v. County of Gage, 153 Neb. 24, 43 N. W. 2d 593; State ex rel. Johnson v. Hagemeister, 161 Neb. 475, 73 N. W. 2d 625. This is consistent with the rule of construction that it must be construed as if it were a part of the original Constitution.

On the basis of the foregoing, we conclude that the petition in the instant case is an election contest and not one in the nature of quo warranto. The petition does not state a cause of action which may be filed originally in the Supreme Court under the limited original jurisdiction of this court as fixed by Article V, section 2, of the Constitution. We conclude also that sections 32-1001.01 and 32-1001.02, R. S. Supp., 1965, are unconstitutional and void in that they are in contravention of the limited original jurisdiction of the Supreme Court as fixed by Article V, section 2, of the Constitution.

For the foregoing reasons, the demurrers of the defendants to the petition of the plaintiff are sustained.

DEMURRERS SUSTAINED.