STATE OF NEBRASKA EX REL. WILLIAM A. WIELAND, RELATOR,
v. SCOTT MOORE, SECRETARY OF STATE OF THE
STATE OF NEBRASKA, RESPONDENT.
561 N.W.2d 230

Filed April 4, 1997.    No. S-96-429.

Denzel R. Busick, of Luebs, Leininger, Smith, Busick & Johnson, for relator.

Don Stenberg, Attorney General, L. Steven Grasz, and Dale A. Comer for respondent.

Patrick B. Griffin and Richard P. Jeffries, of Kutak Rock, for amici curiae E. Benjamin Nelson, Governor of Nebraska, and Executive Board of the Legislative Council, Nebraska Legislature.

WHITE, C.J., CAPORALE, WRIGHT, and CONNOLLY, JJ., and LIKES, D.J.

WRIGHT, J.

William A. Wieland commenced this original action requesting, inter alia, a writ of mandamus instructing the Secretary of State (Secretary) to withhold a number of legislatively proposed constitutional amendments from the May 14, 1996, election ballot. A second amended petition requested, in the alternative, a declaratory judgment that certain legislatively proposed amendments to the Nebraska Constitution which appeared on the May 14, 1996, ballot were null and void as a matter of law.

## FACTS

During the first session of the 94th Legislature, the Nebraska Legislature passed the following legislative resolutions proposing amendments to the Nebraska Constitution: Legislative Resolution 1CA (permitting Legislature to provide for enforce-

ment of "mediation, binding arbitration agreements, and other forms of dispute resolution" which are entered into voluntarily), Legislative Resolution 3CA (creating Tax Equalization and Review Commission), Legislative Resolution 4CA (providing that legislative bills, resolutions, and amendments thereto should be read at large unless three-fifths of members of Legislature vote to dispense with such reading), and Legislative Resolution 21CA (providing list of rights for crime victims).

After these legislative resolutions passed, the Executive Board of the Legislative Council of the Legislature met and approved explanatory statements for each resolution. The legislative resolutions, along with the respective explanatory statements, were transmitted to the Secretary's office. The Secretary accepted these ballot items without editing and transmitted them to the county clerks and election commissioners for inclusion on the May 14, 1996, ballot.

On April 10, 1996, Wieland wrote to the Secretary, alleging that the Legislature had failed to comply with mandatory constitutional and statutory provisions in adopting the resolutions at issue, and requesting the removal of these items from the May 14 ballot. The Secretary advised Wieland that the ballot items would not be removed from the ballot.

Wieland then filed with this court an initial verified petition which alleged constitutional and statutory violations relating to the manner of adoption and the content of the proposed ballot items and a motion requesting leave to file the action as an original action in this court. The original action request was based upon the allegation that the action is a civil case in which the State is a party and that the action is for mandamus relief. We granted leave for Wieland to file an original action.

On May 7, 1996, Wieland filed an amended petition adding an additional cause of action to the effect that if this court did not issue a writ of mandamus prior to the impending election, the court should after the election issue a declaratory judgment that each of the legislative resolutions are unconstitutional and, therefore, null and void. Wieland did not request leave to file this amended petition. Without leave of court, Wieland also filed a second amended petition restating the three causes of action in the two previous petitions and adding additional allegations regarding the deficiencies of the various ballot items.

The Secretary's answer to the second amended petition alleged, inter alia, that the provisions of the second amended petition requesting a writ of mandamus were moot because the election and tabulation of the vote count had already occurred prior to the filing of the second amended petition. The answer further alleged that Wieland's amended petition and second amended petition should be stricken because they contained new matter and were filed without obtaining leave of court, as required by Neb. Ct. R. of Prac. 15A (rev. 1996).

Wieland's reply denied that the request for a writ of mandamus was moot and alleged that the Secretary had a duty not to "enroll" any amendments that were not adopted according to statutory guidelines. The reply modified Wieland's original request for mandamus and requested that this court issue a writ of mandamus directing the Secretary not to enroll any of the challenged amendments or to remove from the rolls any of these amendments that had already been enrolled.

## ANALYSIS

### WRIT OF MANDAMUS

Wieland initially requested leave of this court to docket the case as an original action pursuant to rule 15A. After reviewing the petition to determine whether it could be filed as an original action under Neb. Const. art. V, § 2, we granted leave to file the petition in this court.

Rule 15A, which governs a request for the court to exercise its original jurisdiction, provides:

15. ORIGINAL ACTIONS.

A. How Commenced.

(1) An original action may not be commenced except by leave of court.

(2) Application for leave to commence an original action shall be made by filing with the Supreme Court Clerk a verified petition setting forth the action. Applicant must also file with the clerk a statement setting forth the basis of the court's jurisdiction and the reasons which make it necessary to commence the action here. Seven copies of each must accompany the petition and the statement. No oral argument will be permitted except as may be ordered by the court.

Therefore, an applicant who requests leave to file an original action must provide this court with a petition that will serve as the basis for the action for which the applicant requests leave. One of the purposes of rule 15A is obvious: The court must determine whether the cause of action and theory of relief that the party intends to pursue are within the range of issues that article V, § 2, permits this court to address pursuant to our limited original action jurisdiction.

Article V, § 2, provides in part: "The Supreme Court shall have jurisdiction in all cases relating to the revenue, civil cases in which the state is a party, mandamus, quo warranto, habeas corpus, election contests involving state officers other than members of the Legislature, and such appellate jurisdiction as may be provided by law." The petition provides the basis for the determination of the court's jurisdiction of original actions permitted by article V, § 2.

This court can make an accurate determination of whether to grant leave to file an original action only if it is fully informed of the issues that the applicant intends to raise in the proposed action at the time the determination of whether to grant leave is made. If a party obtains leave to file a case as an original action based upon a permitted cause of action and subsequently amends the petition to allege additional causes of action, the party is still subject to the restrictions of article V, § 2.

The first two causes of action in Wieland's second amended petition correspond to the two causes of action raised in his initial petition. We have determined that these issues may be addressed under our original jurisdiction. We will begin our analysis by addressing these two causes of action and then address whether the third cause of action in the second amended petition is appropriate for our original jurisdiction under the restrictions of article V, § 2.

The first and second causes of action in the second amended petition requested a writ of mandamus to enforce one of two alternative types of relief. Wieland asked this court to issue a writ of mandamus directing that the Secretary remove the ballot issues in question from the May 14, 1996, ballot. Wieland alleged that

[a] writ of mandamus from this Court is the only reasonably available remedy in the ordinary course of law available to timely compel Respondent to perform the duties of his Office to either withhold the said Legislative Resolutions from the ballot of the May primary election, or otherwise direct that any vote thereon not be tabulated and published.

We conclude that the mandamus relief sought in the second amended petition is moot. The ballot issues were placed on the May 14, 1996, ballot, and vote counts from that election have been tabulated and published. Thus, it is impossible for the court to grant Wieland the relief he requested in the initial petition.

Wieland alleges that the mootness problem was alleviated by his reply to the Secretary's answer. The reply requested that the Secretary be enjoined to remove from the rolls any of the ballot items that won approval by the voters that the Secretary had already enrolled. Wieland argues that this new request for relief saves his petition from mootness. We disagree.

Wieland's attempt to use a reply pleading for this purpose is not permitted by our statutory rules of pleading. A defendant is permitted to deny material allegations in the answer or raise affirmative defenses. See Neb. Rev. Stat. § 25-811 (Reissue 1995). Thus, an answer may contain additional facts that are not raised by the plaintiff in the plaintiff's petition. Neb. Rev. Stat. § 25-820 (Reissue 1995) permits a plaintiff to file a reply in order to affirm or deny any new matter contained in a defendant's answer:

[W]here the answer contains new matter the plaintiff may reply to such new matter, denying generally or specifically each allegation controverted by him; and he may allege, in ordinary and concise language, and without repetition, any new matter not inconsistent with the petition, constituting a defense to such new matter in the answer.

The Secretary's answer asserted that Wieland's allegations and request for relief were moot as a matter of law. Wieland's reply does not introduce new facts which controvert this claim. Instead, the reply changed the basic nature of the relief this court was asked to provide. In response to the Secretary's allegation that the requested relief was moot, the reply amended the

requested relief by asking that the Secretary be enjoined to remove from the rolls any of the ballot items in question. A reply, however, cannot be used to plead a request for different relief. Such use of a reply constitutes an untimely attempt to amend the pleading. A plaintiff cannot shift positions by means of the reply or use the reply to introduce new causes of action. *Exchange Bank & Trust Co. v. Tamerius*, 200 Neb. 807, 265 N.W.2d 847 (1978). See, *Wigton v. Smith*, 46 Neb. 461, 64 N.W. 1080 (1895); *Reed Bros. Co. v. First Nat. Bank of Weeping Water*, 46 Neb. 168, 64 N.W. 701 (1895). As a result, the mandamus relief requested in Wieland's initial petition is moot.

### ORIGINAL ACTION JURISDICTION

Next, we address the declaratory relief requested in the third cause of action in Wieland's second amended petition. We have original jurisdiction if a lawsuit raises a cause of action permitted by article V, § 2. Article V, § 2, limits our jurisdiction for original actions to "all cases relating to the revenue, civil cases in which the state is a party, mandamus, quo warranto, habeas corpus, election contests involving state officers other than members of the Legislature, and such appellate jurisdiction as may be provided by law."

As we noted in *Sorensen v. Swanson*, 181 Neb. 205, 211-12, 147 N.W.2d 620, 624-25 (1967), our original jurisdiction is limited:

> "[T]he original jurisdiction of the supreme court is confined to the cases specified in the constitution, and . . . under another name no additional jurisdiction can be conferred. This is a court the primary object of which is to review cases tried in the district courts. It is an appellate tribunal and it is given original jurisdiction in a few limited cases, most of which are extraordinary remedies for the purpose of preventing a failure of justice. . . ."

We specifically recognized that "[e]xcept in the exercise of its appellate jurisdiction, the Supreme Court is one of limited and enumerated powers." *Id.* at 212, 147 N.W.2d at 625. Accord *State, ex rel. Good, v. Conklin*, 127 Neb. 417, 255 N.W. 925 (1934). "Where a cause of action is not listed in Article V, section 2, of the Constitution, the limitations of the constitutional

provision are effective in prohibiting the original jurisdiction of the Supreme Court." *Sorensen*, 181 Neb. at 212, 147 N.W.2d at 625. *Sorensen* reaffirmed the determination that the limits of the jurisdiction conferred by the Constitution may not be increased or extended by consent of the parties or legislative enactment. For example, in *Miller v. Wheeler*, 33 Neb. 765, 51 N.W. 137 (1892), an election contest was originally filed with this court. We decided that neither the Legislature nor the parties could clothe the court with the power to hear contests of elections and that original jurisdiction is confined to cases specified in the Constitution.

In addition to the mandamus relief discussed above, the second amended petition in the present case requested relief pursuant to the Uniform Declaratory Judgments Act, Neb. Rev. Stat. §§ 25-21,149 to 25-21,164 (Reissue 1995). Bringing an action pursuant to the Uniform Declaratory Judgments Act does not, in and of itself, satisfy the jurisdictional requirements of article V, § 2, because article V, § 2, does not include declaratory relief as one of the grounds for relief that we may address pursuant to our limited original jurisdiction. Consequently, absent a concurrent basis for jurisdiction over the subject matter of a declaratory judgment action, this court has no original jurisdiction under article V, § 2, to address declaratory judgment actions. See, *State ex rel. Douglas v. Gradwohl*, 194 Neb. 745, 235 N.W.2d 854 (1975) (declaratory judgment action proper as original action where subject matter of action was "relating to the revenue" for purposes of article V, § 2); *Anderson v. Herrington*, 169 Neb. 391, 99 N.W.2d 621 (1959) (same); *State, ex rel. Smrha, v. General American Life Ins. Co.*, 132 Neb. 520, 272 N.W. 555 (1937) (same).

We acknowledge that a declaratory judgment action was commenced as an original action in order to consider the constitutionality of a state statute in *State Securities Co. v. Ley*, 177 Neb. 251, 128 N.W.2d 766 (1964). However, a review of *Ley* demonstrates that the court's holding in that case that article V, § 2, grants original jurisdiction to this court regarding all actions involving the constitutionality of a statute was an overextension of article V, § 2. The *Ley* court apparently arrived at this conclusion based on a sentence in article V, § 2, which

states: "The judges of the Supreme Court, sitting without division, shall hear and determine all cases involving the constitutionality of a statute and all appeals involving capital cases and may review any decision rendered by a division of the court." The court apparently read this sentence to supply original jurisdiction for any case involving the constitutionality of a state statute.

Article V, § 2, includes a provision which states that in certain situations, this court may divide the court into two divisions, supplement each division with judges from Nebraska's lower courts, and address cases that come to the court. The clause apparently relied on in *Ley* is simply a qualification on the court's authority to address cases in divided panels; certain types of cases must be addressed by the Supreme Court without division. The portion of article V, § 2, quoted above requires that when such cases reach the Supreme Court, they must be addressed by the court sitting without division. It does not convey original jurisdiction on cases involving the constitutionality of a statute. To the extent that *Ley* stands for such a proposition, it is overruled.

Moreover, if the drafters of article V, § 2, had intended to convey original jurisdiction upon this court for actions involving the constitutionality of a statute, the drafters surely would have included such actions in article V, § 2. They did not do so.

Wieland's statement of jurisdiction alleged two theories for this court's having original jurisdiction regarding this action: (1) The action is for mandamus relief, and (2) the action is a civil case in which the State is a party. We have held above that the mandamus relief requested is moot.

Thus, one question regarding jurisdiction remains: When is the State a party for purposes of article V, § 2? In *State v. Pacific Express Co.*, 80 Neb. 823, 115 N.W. 619 (1908), we held that the jurisdiction conferred by the Constitution in all "civil cases in which the state is a party" is not confined to cases in which the State has a mere pecuniary interest, but the jurisdiction may extend to all cases in which the State, through its proper officers, seeks the enforcement of public right or the restraint of public wrong. However, in *In re Petition of Attorney General*, 40 Neb. 402, 58 N.W. 945 (1894), we stated that such jurisdic-

tion would not be entertained by this court in cases where the State was a nominal party. The State must have a direct interest in having the matter determined.

As a result, when a private citizen files an original action for declaratory judgment against a state officer, the State is not necessarily a party for purposes of article V, § 2. In *Wilson v. Marsh*, 162 Neb. 237, 75 N.W.2d 723 (1956), for example, a group of taxpayers brought an original action in this court against the Secretary of State requesting that the court enjoin the Secretary from certifying the names of a number of district court judges from an upcoming election ballot. Upon reviewing the acceptable grounds for original jurisdiction under article V, § 2, including the provision for original jurisdiction over "civil cases in which the state is a party," the court emphasized that the only possible basis upon which it could find original jurisdiction was if the case was one "relating to the revenue." Thus, *Wilson* implies that merely suing the Secretary of State and making the Secretary a party does not necessarily make the State a party to the civil action for purposes of article V, § 2. See, also, *Sorensen v. Swanson*, 181 Neb. 205, 147 N.W.2d 620 (1967) (suit against, among others, Governor, did not have adequate basis for original jurisdiction where suit was not one in nature of quo warranto); *State v. Tabitha Home*, 78 Neb. 651, 111 N.W. 586 (1907) (where State had no direct legal interest in matter, State was not proper party to original action and court did not have original jurisdiction over matter). Similarly, we have held in other contexts that an action against a state officer to obtain relief from an invalid act or from an abuse of authority by the officer is not a suit against the State. See *Concerned Citizens v. Department of Environ. Contr.*, 244 Neb. 152, 505 N.W.2d 654 (1993).

Here, the Secretary was sued in his official capacity regarding his responsibilities with respect to an election. Such a lawsuit against the Secretary is not a civil action in which the State is a party for purposes of establishing original jurisdiction under article V, § 2. See *Wilson v. Marsh, supra*.

## CONCLUSION
We conclude that the causes of action for a writ of mandamus are moot and that this court does not have jurisdiction to con-

sider the declaratory relief requested in the third cause of action.

WRIT OF MANDAMUS DENIED.
PETITION DISMISSED.

GERRARD, J., not participating.