PENELOPE H. ANDERSON ET AL., PLAINTIFFS, v. F. A. HERRINGTON, STATE TAX COMMISSIONER OF NEBRASKA, ET AL., DEFENDANTS.

99 N. W. 2d 621

Filed December 4, 1959. No. 34717.

*Morsman, Maxwell, Fike & Sawtell* and *Wells, Martin, Lane, Baird & Pedersen,* for plaintiffs.

*Clarence S. Beck,* Attorney General, *Clarence A. H. Meyer, John C. Hanley,* and *John C. Burke,* for defendants.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

This is an original action for a declaratory judgment and injunctive relief commenced in this court pursuant to leave granted. See, Rule 2 a 1, Revised Rules of the Supreme Court; §§ 25-21,149 to 25-21,164, R. R. S. 1943. Leave to file the action was granted under authority of Article V, section 2, of the Constitution of Nebraska, and section 24-204, R. R. S. 1943.

Plaintiffs brought the action in their own behalf and in behalf of all shareholders of domestic savings and loan associations similarly situated. Plaintiffs' petition, to which the defendants demurred, alleges that plaintiff

Penelope H. Anderson owned shares of stock in the Omaha Loan & Building Association which she reported in her individual property tax schedule for 1959, filed with the county assessor of Douglas County, at 10% of its value for assessment purposes, and that the plaintiff Catherine M. Martin owned shares of stock in the Conservative Savings & Loan Association which she reported in her individual personal property tax schedule for 1959, filed with the county assessor of Douglas County, at 10% of its value for assessment purposes. These shares of stock were reported by the plaintiffs under and pursuant to the requirements of section 77-707, R. R. S. 1943, as amended by 1959 Legislature. See Laws 1959, c. 22, § 3, p. 153.

The petition alleges that the state Tax Commissioner, pursuant to the provisions of section 77-707, R. R. S. 1943, prepared a formula to ascertain at what percentage of the withdrawal value the stock or shares of each Nebraska savings and loan association should be valued for assessment purposes, after deducting from the withdrawal value those items authorized to be deducted therefrom by section 77-707, R. R. S. 1943, as amended, without deducting therefrom any proportionate value of the bonds and other obligations of the United States of America included in the assets of the associations; that the county assessors of the state were advised, by bulletin, of the withdrawal value of the shares of stock in each of said savings and loan associations by use of the foregoing formula; that the county assessor of Douglas County and the assessors of all the other counties of the state have changed or are preparing to change the individual taxpayer's reported value of his or her shares or stock in each of said savings and loan associations to comply with the state Tax Commissioner's percentages, as determined by the formula he used; and that, by doing so, the county assessors of the State of Nebraska have or will violate "the provisions of Title 31 U.S.C.A. Section 742 of the

Laws of the United States in that it unlawfully discriminates against the bonds and other obligations of the United States of America and is, therefore, unconstitutional; that the assessment procedure violates the Constitution of the State of Nebraska, particularly as provided in Section 1, Article VIII."

The prayer is "for a declaratory judgment adjudicating that the assessments of the stock of the plaintiffs be fixed by the County Assessor at a percentage of withdrawal value which will reflect their proportionate share of a reduction of value represented by the bonds or other obligations of the United States of America owned by their associations, as well as which will reflect their proportionate share of reduction of value represented by those other types of assets owned by their associations as set forth in Section 77-707, Revised Statutes of Nebraska (1943) as Amended, and further pray for an injunction enjoining the defendant, JOE C. STOLINSKI, Assessor of Douglas County, Nebraska, from assessing the stock of savings and loan associations in the manner now illegally pursued by him."

Section 77-707, R. R. S. 1943, provides: "The stock or shares of domestic building and loan associations organized under the laws of this state and the stock of building and loan associations organized under the laws of the United States, or any other state, and doing business in this state, shall be assessed to and the tax paid by the individual owners thereof, who shall pay tax upon the value of their shares or stock in said associations, less the proportion of the value of said stock or shares invested by the associations in real estate mortgages or other property, both tangible and intangible, listed and taxed in this state."

The 1959 Legislature amended this section by enacting L. B. 701, but such amendment is not material to the issue here involved. See Laws 1959, c. 22, p. 151.

It is apparent the state Tax Commissioner followed

the provisions of section 77-707, R. R. S. 1943, in preparing the formula he used in determining what percentage of the withdrawal value of the shares of stock of each Nebraska savings and loan association that should be used to reflect the value thereof for assessment purposes thereunder.

The question involved is stated by plaintiffs as follows: "Must obligations of the United States, its agencies and instrumentalities, be deducted from the value of the shares in Savings (Building) and Loan Associations on which a shareholder pays the tax imposed by Section 77-707 R. R. S. 1943?"

It will be observed that the individual owner of the stock or shares of such building and loan associations shall be assessed and pay tax upon the value thereof "less the proportion of the value of said stock or shares invested by the associations in real estate mortgages or other property, both tangible and intangible, listed and taxed in this state."

In Peter Kiewit Sons' Co. v. County of Douglas, 161 Neb. 93, 72 N. W. 2d 415, we dealt with a comparable statute. We stated the question therein, so far as here material, as follows: "A further question is raised as to whether or not section 77-706, R. R. S. 1943, in view of taxing practices authorized thereunder, could result in discrimination against the tax-exempt character of securities held by domestic Nebraska corporations in the form of government obligations." The statutory provision therein involved, insofar as material to the foregoing question, provided: "The value of the shares of stock * * * shall be determined for the purpose of taxation by deducting from the actual value of the paid-up capital stock, surplus, and undivided profits of such corporation available for stock dividends, the assessed value of the property of the corporation, both intangible and tangible, listed and taxed in this state * * *." § 77-706, R. R. S. 1943. See, also, Peter Kiewit Sons' Co. v. County of Douglas, *supra*. Then, after

discussing the authorities relating thereto, we held: "Under these holdings we can come to no other conclusion than that the method authorized for valuing the shares of stock of domestic corporations under section 77-706, R. R. S. 1943, results in discrimination against United States obligations and that the trial court was correct in so holding." We think the foregoing is applicable to section 77-707, R. R. S. 1943, as amended. See Laws 1959, c. 22, § 3, p. 153.

We shall not again discuss the authorities that are applicable and controlling, as they are cited and sufficiently discussed in Peter Kiewit Sons' Co. v. County of Douglas, *supra,* except to again set out the following from Schuylkill Trust Co. v. Pennsylvania, 296 U. S. 113, 56 S. Ct. 31, 80 L. Ed. 91, as therein set forth: "The point is that the State has chosen a portion only of the net assets of the corporation as a measure of the tax, whether the exaction be from the company or its shareholders. The State has exempted certain assets on the theory that to measure the tax in part by their value would in effect be to tax them twice. If to measure the shareholder's tax by inclusion of these taxed or exempted securities found amongst the company's assets would be to tax the shareholder in virtue of the company's ownership of those securities, it seems clear that to refuse to exempt United States securities from the measure of the tax is to lay a tax reckoned upon their value. To put it otherwise, if to exclude securities already taxed or exempted from tax pursuant to the policy of the Commonwealth avoids double taxation, to include United States securities in the measure of the tax seems inevitably to increase the burden of the tax by reason of their ownership."

We have come to the conclusion that plaintiffs' petition states a cause of action and therefore overrule defendants' demurrer thereto, but grant defendants 30 days in which to further plead. If the defendants do not further plead within that time then the Clerk of

the Supreme Court is ordered to enter a judgment granting plaintiffs the relief prayed for.

DEMURRER OVERRULED.